BUCKLER *v.* STATE.

(En Banc.  May 27, 1935.)

[161 So. 683.  No. 31629.]

G. Ramsey Russell, of Greenville, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

354

**Per Curiam:**—Appellant was indicted, tried, and convicted of murder, and on appeal the judgment and sen-

tence was affirmed, Buckler v. State (Miss.), 157 So. 353. After affirmance and before the day of execution, appellant, through his attorneys, presented his petition, to the trial judge, but during term time, for a writ of error coram nobis, alleging therein that he was insane at the time of the trial and has been insane at all times before and since. This petition was supported by the affidavits of the attorneys appointed by the court, who state in their affidavits that they did not know of the insanity at the time of the trial and were not negligent in that respect. The petition was supported also by the affidavits of two persons who had known appellant for a number of years. The trial judge declined to order the issuance of the writ and to stay the execution, and appellant's attorneys presented to a judge of this court an application for an appeal therefrom. The judge here being under the impression that the circuit court in term time had heard the application on its merits, after issue made up, granted an appeal with an order for the stay of the execution.

The chief contention made by the state is that a writ of coram nobis is not available after affirmance of the judgment and sentence by this court. Whatever division of authority there may be in other states, we must hold that the point is not well taken in this state. At an early day, in Planters' Bank v. Calvit, 3 Smedes & M. 143, 41 Am. Dec. 616, 625, it was said: "Its judgment of affirmance is then no more than a ratification of what has already been correctly done. It is of no higher dignity than the judgment it affirms, because it is merely confirmatory of it." Since a judgment of affirmance is of no higher dignity than the judgment it affirms, it follows that a petition for a writ of coram nobis may be filed, allowed, and heard in the trial court as fully and with as much effect as had no appeal been taken. The writ, if allowed, is in all cases triable in the circuit court. There-

fore the application must first be presented to the trial judge, unless he be absent from his district or be incapacitated by illness or the like.

It is said also in the argument that the writ in a case such as this is excluded from our procedure by what was said by the court in Powers v. State, 168 Miss. 541, 553, 151 So. 730, 733, where, in reaffirming the established rule that by coram nobis a new trial cannot be granted upon the ground of newly discovered evidence, the court said: "Within this rule fall all defenses existing at the time of the commission of the crime, as well as all verdicts against the evidence, and newly discovered evidence." This case did not design to overrule Hawie v. State, 121 Miss. 197, 83 So. 158, 10 A. L. R. 205, for the insanity of an accused at the time of the trial goes further than a defense; it introduces the element that the accused is not fit to be tried, or, if he has remained insane, or has become insane since the trial, that he is not fit to be executed. Hawie v. State, 125 Miss. 589, 596, 88 So. 167.

We have stated that the judge of this court who granted the appeal was under the impression that the circuit court had heard the application on its merits. While the record now before us shows that the petition was presented in term time and that an order was entered on the minutes which in its language reads somewhat as if a judgment upon a full hearing upon the merits, we think, in view of the fact that there was no demurrer to the petition, nor any joinder of issue therein by reply thereto, nothing as to any oral evidence taken, nothing as to a jury, and no written instructions to a jury, that the order when taken in connection with the entire record, or rather want of record, is that what the judge actually did was to refuse the writ, declined his fiat, or the equivalent thereof, for the making up of an issue under the petition, and did not in fact hear the matter with a jury, upon a contested issue of fact. That being

the case, no appeal lies; for, as said in Carraway v. State, 163 Miss. 639, 645, 141 So. 342, the refusal of a judge to issue his fiat for the writ of coram nobis is in the same class as the refusal of a fiat for an injunction or for any other remedial writ, and is no judgment at all.

It is urged in the argument that, unless an appeal be permitted, even though the action of the trial judge was no more than the refusal of his fiat upon the application for the remedial writ prayed for and was no final judgment, the petitioner would be without further remedy. If the order of the trial judge had been a final judgment, the question would arise whether under section 16, Code 1930, an appeal would lie, since the appeal would not be from a judgment of conviction, strictly speaking; but, since the order here was not a final judgment, it is a sufficient present reply to the argument made that the party has his further remedy by application to a judge of this court who is empowered to grant the remedial writ under section 742, Code 1930. That the writ of error coram nobis is a remedial writ is manifest from its intrinsic nature, and was so recognized in Carraway v. State, supra, and that the several judges of this court have the power to grant such a writ, although refused by the trial judge, and although not in aid of the appellate jurisdiction of the Supreme Court, it is clear as the power to grant an injunction or any other remedial writ, under the terms of said statutory section. The statute so empowering the several judges of this court appeared in the first general legislative act dealing with the subject after the adoption of our first Constitution, section 6 of the act approved June 22, 1822, appeared in the first Code of the state, Poindexter's Code of 1823, chapter 15, section 6, has been brought forward in every Code since that time, and has thus been recognized by every Constitution ordained for more than a hundred years. The power has been exercised by the several judges of this court time

out of mind, and it has therefore passed beyond the stage of academic discussion, even if it had not been expressly affirmed, as it was in State Board v. Broom, 161 Miss. 679, 137 So. 789.

There being no valid appeal, the court is without jurisdiction or power to make any order other than for its dismissal.

Appeal dismissed.

**Smith, C. J.,** delivered an opinion dissenting in part.

I am unable to concur in holding that the refusal of the court below to hear the appellant on the merits of his petition was not a final judgment. If we leave out of view the words ''writ of error coram nobis'' and the archaic learning thereon, the case will be simplified and the question for decision will clearly appear.

Under our practice, a writ of error coram nobis is wholly unnecessary in order to obtain the review of a judgment rendered under such circumstances as to require the court to set it aside. All that is required is the filing of a motion or petition to that effect in the court which rendered the judgment. If the facts set forth in the petition, if true, require the setting aside of the judgment, the court should hear it on its merits and set the judgment aside or not according to the evidence then heard. Carraway v. State, 163 Miss. 639, 141 So. 342. If a stay of execution is necessary pending the hearing of the motion or petition, the court or judge thereof can grant it.

What the court below here determined was that the appellant's petition presented on its face no ground for setting aside the judgment, and therefore he was not entitled to a hearing on the merits. This ruling being in term time was a judicial act and a final judgment. What occurred here was the same as what occurred in Hawie v.

State, 125 Miss. 589, 88 So. 167. It is true that the petition was there demurred to, but that added nothing to the fact that what the court there did was to decline to permit the petitioner to introduce evidence in support of the allegations of his petition. Carraway v. State, supra, is not in point on the question of the appellant's right to an appeal; for the ruling appealed from was made in vacation and was in no sense of the word a judgment. I am therefore unable to concur in the dismissal of the appeal on the ground that the order appealed from is not a final judgment.

If the order of the court should be held to be a final judgment, a serious question of the right of the appellant to appeal therefrom, under section 16, Code 1930, by which the right of appeal is conferred and limited, would arise. I shall not express any opinion thereon, but will say that section 355, p. 521, 3 C. J., is here of interest, and that the question is not foreclosed by our former decisions.

As the only question here decided is the right of the appellant to an appeal, I express no opinion on the other questions discussed by my associates.

I am authorized to say that Justice ANDERSON concurs in this opinion in so far as it holds that the order appealed from is a final judgment.

**Griffith, J.**, delivered an opinion specially concurring.

While I am in entire agreement with everything said in the main opinion, I think there is a stronger ground upon which to rest the conclusion that the trial judge refused his fiat for the writ than the ground stated in the opinion, and that is that the petition when taken in connection with the supporting affidavits is not sufficient to justify the issuance of the writ. A petition for a writ of error coram nobis must be specific, precise, and posi-

tive in its allegations, and must be complete as to every legal requisite for the resort to the extraordinary remedy thereby prayed. When the allegations are in general terms only, it may be regarded as certain that the existing facts are not sufficient, else the allegations would have been specific, precise, and positive. And since the petition, although sworn, must be clearly and definitely supported by the affidavits of those who have personal and positive knowledge of the facts, the petition is no stronger than the supporting affidavits. Moreover, such a petition should be presented at the earliest available time, unless ample reason for the delay be shown along with the petition. Petitions for the writ of error coram nobis are often presented only a day or two before the date set for the execution of the sentence, which, if granted at such a late date, tends to, discredit the law. The petition here was presented only three days before the day for the execution, and no excuse for the delay is shown with the petition.

For all the reasons stated in the foregoing paragraph, the circuit judge should have refused his fiat for the writ, and, since he should have done so for those reasons, we ought to assume here that he did refuse for exactly those reasons, and, when the order made by him is read in the light of the principles of practice stated in the foregoing paragraph, I think it sufficiently discloses that the circuit judge acted with the stated principles in mind and in obedience to them; in other words, that he refused his fiat, and did not enter upon the hearing as upon an issue made up, with the result, as stated in the main opinion, that we have nothing here from which an appeal may be taken.