Edward J. Andrews *vs.* Harold V. Langlois, *Warden.*

APRIL 16, 1962.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Roberts, J.  This petition for habeas corpus was brought by the petitioner to obtain his discharge from the allegedly unlawful custody of the respondent warden in whose custody he has been since November 18, 1955.  A grand jury for the county of Newport had returned an indictment charging the petitioner with the murder of Susan B. Franklin.  After obtaining a change of venue, the petitioner was tried in the superior court for the county of Providence and was found guilty of murder in the second degree by the jury.  Thereafter the trial justice denied his motion for a new trial and imposed the sentence of imprisonment for life under which he is now held by the respondent.

In his sworn petition for habeas corpus petitioner alleges that this detention became unlawful by reason of the neglect or refusal of the state to furnish him with a transcript

of the trial. It is not disputed that petitioner is referring to a transcription of the stenographic record of the proceedings during trial. He argues that his possession of such a transcript is necessary in order to permit him to ascertain the existence of factual errors in the course of the trial upon which he could rely as grounds for a reversal of his conviction, a contention that we do not necessarily concede. These factual errors, he argues, properly may be asserted by a writ of error coram nobis and the state, by depriving him of the transcript, in effect deprives him of his right to have his conviction reviewed pursuant to such a writ. He contends that thereby he was denied due process of law and that his further detention became unlawful.

The petitioner alleges in his sworn petition that he moved in the superior court to be furnished with a transcript without cost to him; that this was accomplished by filing an instrument identified as a "Motion For Free Copy Of Transcript"; and that a justice of the superior court granted his motion. At the hearing before us the state did not dispute that such a motion was made and granted nor has it raised any question as to the authority of the superior court to enter such order. It is our opinion then that these allegations in the sworn petition reveal that petitioner has not been judicially denied access to the transcript of the trial. In such circumstance we are unable to perceive that he has been deprived of either due process or equal protection within the purview of the Supreme Court of the United States. *Griffin* v. *Illinois,* 351 U. S. 12.

It appears from a further examination of the petition that the attorney general, apparently in an attempt to comply with the order of the superior court, offered to furnish petitioner with a transcript for a limited period of time and that petitioner accepted this offer. It appears, however, that the transcript was not furnished petitioner because it was not available to the attorney general. Upon ascertaining his inability to procure the transcript, the attorney gen-

eral informed petitioner that until it was found it would be impossible to give it to him for his use.

The contention of petitioner, as we understand him, is that in these circumstances there has been a refusal to supply him with a transcript and that for that reason he was unable to obtain a review of his conviction pursuant to a writ of error coram nobis. He argues that he has thereby been denied due process of law, that his continued detention is therefore unlawful, and hence he now is entitled to be discharged therefrom.

We cannot agree with the conclusions reached by petitioner. We do not see that in the circumstances he has been denied a transcript of the trial. His petition does not allege that any specific public officer has a legal obligation to supply such transcript pursuant to the order of the superior court. While it does not appear from the record that the attorney general is by law so obligated, he appears to have voluntarily taken upon himself the burden of attempting compliance with that order. In this situation we will not assume that he will default the obligation which he has so undertaken absent reasonable grounds for such an assumption.

Neither can we agree with the petitioner that for want of a transcript he is now precluded from obtaining a review of his conviction pursuant to a writ of error coram nobis. Assuming without deciding that such writ would lie to obtain for this petitioner a review of his conviction, he has not necessarily lost that right by reason of delay in providing him with a transcript. Where the writ of coram nobis may properly issue to obtain such a review, it will be allowed without any limitation as to time for a review of facts that affect the validity or regularity of the judgment. *United States* v. *Morgan,* 346 U. S. 502, 507.

The petition is denied and dismissed, the writ of habeas corpus heretofore issued is quashed, and the petitioner is remanded to the custody of the respondent.

*Leo Patrick McGowan,* Public Defender, *Eugene F. Toro,* Special Counsel, for petitioner.

*J. Joseph Nugent,* Attorney General, *Carmine A. Rao,* Assistant Attorney General, for State, for respondent.