EDWARD J. ANDREWS *vs.* HAROLD V. LANGLOIS, *Warden.*

OCTOBER 21, 1963.

PRESENT: Condon, C. J., Roberts and Joslin, JJ.

PER CURIAM. This is a petition for a writ of error coram nobis. The petitioner was convicted in the superior court of murder in the second degree and is now serving a life sentence in the adult correctional institutions. We overruled his exceptions, affirmed the judgment and remitted the record to the superior court. *State* v. *Andrews,* 86 R. I. 341, cert. denied, 355 U. S. 898. On the basis of certain allegations in his petition he now seeks a further review which he contends he is entitled to under a writ of error coram nobis. Whether such allegations meet the requirements for the issuance of the writ we do not decide at this time because we are of the opinion that he has not applied for it in the proper court.

The writ lies only in the court which rendered the judgment and should be applied for there. 30A Am. Jur., Judgments, §736, p. 689. However, where the judgment has been affirmed by the appellate court there is a split of authority on the question at least to the following extent. One line holds that in such case permission to apply for the writ in the trial court should first be obtained from the appellate court. *Strang* v. *United States,* 53 F.2d 820; *Taylor* v. *State,* 249 Ala. 667; *Hendricks* v. *State,* Okl. Cr., 297 P.2d 576. The other line rejects that view. *Elliott* v. *Commonwealth,*

292 Ky. 614; *Buckler* v. *State,* 173 Miss. 350. In any event under either line of authority if the writ is to issue it must be by the court which rendered the judgment.

The principal if not the only reason given for requiring prior leave from the appellate court to apply to the trial court for the writ appears to be that, by affirming the judgment, the appellate court adopted it as its own, and therefore no further attack upon it should be permitted without that court's express consent. Such reason appears to be predicated upon a misconception of the thrust of coram nobis.

The proceeding thereunder is not an attack upon the judgment for any error of law apparent on the record. On the contrary it seeks the recall of the judgment for an error of fact outside the record, the existence of which through no fault of the petitioner was unknown to him at the time of the trial and which if made known to the court would have prevented the rendition of the judgment. Such being the nature of the proceeding, the fact that the trial court is under a mandate of the appellate court as a result of its affirmance of the judgment is without relevance to the right of the trial court to exercise in the first instance its undoubted jurisdiction under coram nobis.

While it may be appropriate to require a petitioner to secure prior permission from the appellate court, as the United States Supreme Court stated in approving the Alabama practice, *Taylor* v. *Alabama,* 335 U. S. 252, nevertheless we see no necessity for such prerequisite. We entertain no fear that the issuance of this writ with its limited scope of inquiry by the superior court will in any sense tend to a disrespect of the mandate of this court. Hence there is no reason for our exercising prior supervision over that court.

The petition for a writ of error coram nobis is dismissed without any consideration of its intrinsic merit, if any, but

464

solely because request for leave to file it in the first instance should be addressed to the superior court which rendered the judgment.

*Edward J. Andrews,* pro se, petitioner.