**252 A.2d 450.**

EDWARD J. ANDREWS *vs.* HAROLD V. LANGLOIS, *Warden.*

APRIL 30, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This petition for habeas corpus was brought by Edward J. Andrews challenging the legality of his detention by the respondent pursuant to a sentence of life imprisonment imposed on November 18, 1955 by the superior court after he was found guilty by a jury of murder in the second degree.

This case has a long history. On May 12, 1955, the petitioner was indicted for murder by the grand jury in the county of Newport. He was tried in the superior court in Providence and on July 6, 1955 a jury returned a verdict of guilty of murder in the second degree. After his motion for a new trial was denied, he filed a bill of exceptions to this court. All of his exceptions were overruled in *State* v. *Andrews,* 86 R. I. 341, 134 A.2d 425, *cert. denied,* 355 U. S. 898, 78 S. Ct. 274, 2 L.Ed.2d 195. Thereafter he filed a petition for a writ of habeas corpus which was denied by this court in *Andrews* v. *Langlois,* 94 R. I. 249, 179 A.2d 858, *cert. denied,* 370 U. S. 960, 82 S. Ct. 1616, 8 L.Ed.2d 827. He subsequently filed a petition for a writ of error coram nobis which was also denied by this court in *Andrews* v. *Langlois,* 96 R. I. 461, 194 A.2d 674.

On February 8, 1968, petitioner filed a motion for leave

to file the instant petition for habeas corpus and on February 20, 1968, we entered an order directing respondent to file an answer to the petition in compliance with the provisions of provisional order No. 7 of our rules and therein to show cause why the writ should not issue as prayed. On April 16, 1968, after considering the petition and respondent's answer thereto, we granted the petition and ordered the writ to issue forthwith.

The facts in this case have been set forth at length in the opinion in *State* v. *Andrews, supra,* and, for that reason, we do not deem it necessary to repeat them here. We shall only discuss those facts which are pertinent to a determination of the instant petition.

The petitioner has raised, briefed and argued several questions of constitutional dimensions, including (1) the question of the applicability of the rule of *Jackson* v. *Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964), and (2) the question whether the rule of *Jackson* v. *Denno, supra,* has retroactive application to cases that became final prior to June 22, 1964, the date that *Jackson* was decided. On the view we take we do not reach these questions.

The petitioner's signed statement, and a tape recording of his oral statement, which was played in court, were admitted in evidence over his objection. The petitioner contends in substance that the question of voluntariness was raised at the trial by his claim of prolonged illegal and incommunicado detention, threats, physical coercion, deprivation of counsel and psychological pressures. The respondent admits that there was no preliminary hearing, in the absence of the jury, on the issue of voluntariness of petitioner's confession at his trial.

The initial question is whether, in admitting the alleged confession in evidence, the trial justice followed our own rule in determining the question of voluntariness. The

rule in this state governing the admissibility of confessions and the determination of voluntariness, when put in issue, has evolved from a long line of cases going back many years. *State* v. *Boswell,* 73 R. I. 358, 56 A.2d 196; *State* v. *Prescott,* 70 R. I. 403, 40 A.2d 721; *State* v. *Adams,* R. I., 121 A. 418; *State* v. *Mariano,* 37 R. I. 168, 91 A. 21; *State* v. *Jacques,* 30 R. I. 578, 76 A. 652. The rule was succinctly stated by Mr. Justice Joslin in the concurring opinion in *State* v. *Dufour,* 99 R. I. 120 at 130, 206 A.2d 82 at 87, as follows:

> "When the voluntariness of a confession has been put in issue, the practice in this state requires that the trial justice hold a preliminary hearing on that question in the absence of the jury at which he should determine the coercion issue; that thereafter further testimony be presented to the jury; and that then the issue be submitted to the jury with proper instructions."

Under our rule, once the question of voluntariness is put in issue, the trial justice is duty bound to hold a preliminary hearing, in the absence of the jury, to determine whether the alleged confession is voluntary. If he finds that it is involuntary, he cannot allow it in evidence, but if he finds it is voluntary he submits it to the jury with instructions that they must also find that it was voluntary before they may consider it. The law of this state, as established by the decisions of this court in the cases cited above, makes mandatory the holding of a preliminary hearing by the trial justice, in the absence of a jury, to determine the question of voluntariness, when that question is put in issue. The respondent's contention that under our cases the holding of such a hearing is within the discretion of the trial justice is without merit and requires no further discussion. Under our decisions due process requires a trial court to hold such a preliminary hearing when the question of voluntariness is raised, unless the defendant waives his right to such

hearing. Consequently, the holding of such a preliminary hearing does not depend upon a request for the same by a defendant or his counsel. *State* v. *Dufour, supra.*

There is nothing in this record which supports respondent's suggestion that petitioner's trial counsel deliberately bypassed the opportunity of having a preliminary hearing as part of his trial strategy or that petitioner waived such hearing. This argument by respondent is mere speculation and requires no further discussion. Compare *McParlin* v. *Langlois,* 104 R. I. 310, 244 A.2d 251. See *State* v. *Mendes,* 99 R. I. 606, 210 A.2d 50. It is true, as respondent argues, that in *State* v. *Andrews, supra,* at 353, 134 A.2d at 432, we held, on the record then before us, that

> " * * * there was no substantial evidence before the trial justice that there was any force or compulsion or improper influence brought to bear upon defendant that would make his confession involuntary. Such being the case the trial justice did not commit error in admitting the confessions."

However, the failure of the trial justice to hold a preliminary hearing was not brought to the attention of this court in that case. In the circumstances, that decision is not a bar to petitioner's instant petition. See *Rogers* v. *Richmond,* 365 U. S. 534, 81 S. Ct. 735, 5 L.Ed.2d 760.

That the trial justice himself recognized that the question of voluntariness was raised at the trial is borne out by his instructions to the jury wherein he discussed this question in the following language:

> "If by any chance he did it under compulsion, regardless of what type of compulsion, and was not his free act and deed, then you have a right to weigh that confession, that alleged confession, that statement, as to its truth. You are going to decide whether it is the truth or not. The real question is a simple one, and the method of approaching it is not difficult; taking everything into consideration, is that the truth? If you believe it to be the truth then give it such weight as it merits; if you don't think it is the truth then

don't give it any weight. You can believe parts of it or you can believe all of it, or you can believe none of it, but as to all of it or parts of it you will simply say, what is the truth in that as in any other part of the case under the rules as I have given you."

We refer to this portion of the charge not only to point out that the trial justice was aware of the existence of the issue of voluntariness, but also to show that his charge was erroneous. In effect, he charged, that even if the confession were not petitioner's free act and deed, the jury had a right to weigh the confession as to its truth or falsity. This was an erroneous statement of the law. It is well established that confessions made as the result of promises, threats, or force are to be rejected by the jury even though they believe them to be true. *State* v. *Boswell, supra; State* v. *Mariano, supra.*

The failure of the trial justice to follow our established procedure and his erroneous instructions governing the question of voluntariness were errors of law which affected basic constitutional rights. Compare *Rogers* v. *Richmond, supra.* The petitioner was entitled to have the voluntariness of his confession determined according to law. Since this was not done, he has been deprived of due process of law and he is therefore entitled to a new hearing to obtain a reliable determination of the question of voluntariness. The only question is the scope of the new hearing. If the jury had ben properly instructed on the law governing the issue of voluntariness, we would remit this case to the superior court for a limited hearing on that issue alone. If at such hearing it was determined that the confession was voluntary and admissible in evidence, a new trial on the question of guilt or innocence would not necessarily be required because petitioner has already been tried by a jury and been found guilty. If, on the other hand, at the limited hearing it was determined that the confession was involuntary, there would have to be a new trial on guilt or

innocence, without the confessions being admitted in evidence. The problem which confronts us in this case is that the jury which convicted petitioner considered the case under an erroneous charge on the question of voluntariness. We have no way of knowing the real basis of their ultimate finding of guilt or what effect the erroneous instruction had on their verdict.

In the peculiar circumstances of this case we believe only a complete new trial will vindicate the petitioner's constitutional rights, see *Rogers* v. *Richmond, supra.* At the conclusion of the preliminary hearing in the absence of the jury, the trial justice should make express findings of fact on the issue of voluntariness. The instructions relative to the test of voluntariness must be in accordance with the law as it now stands, see *Rogers* v. *Richmond, supra,* and the standard to be used by both the judge and jury in arriving at their respective determinations must be based on the totality of circumstances surrounding the confession. See *Haynes* v. *Washington,* 373 U. S. 503, 83 S. Ct. 1336, 10 L.Ed.2d 513.

In view of this conclusion we do not reach the other issues raised by the petitioner.

The petition for habeas corpus is granted, and the respondent is directed to present the petitioner to the superior court forthwith for further proceedings in accordance with this opinion.

Motion to reargue denied.

*Corinne P. Grande,* for petitioner.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for respondent.