370 A.2d 238.

STATE *vs.* EMIL J. CARSETTI.

MARCH 8, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, J.J.

JOSLIN, J. On December 8, 1969, the defendant, Emil J. Carsetti, was convicted in the Superior Court on a charge of statutory burning and was sentenced to serve a term of

15 years. On August 2, 1973 this court declared that conviction void and ordered that it be vacated. *Carsetti* v. *Howard*, 112 R.I. 116, 308 A.2d 347 (1973). A few months after his release, the defendant was charged with breaking and entering a building in the nighttime with intent to commit larceny, and on that ground he was brought before the Superior Court as an alleged violator of a February 28, 1969 deferred sentence agreement. On January 22, 1974, he was adjudged a violator and was sentenced to serve a term of 6 years. He now seeks to have that term reduced by the 728 days he spent in confinement at the Adult Correctional Institutions on account of the invalid statutory burning conviction.

Even if we indulge in the dubious assumption that the case is properly here,[1] we are not prepared to hold that either the Constitution or the enlightened administration of justice requires that one who has served time on an invalid conviction thereby establishes a line of credit available for application against a valid sentence subsequently imposed for an unrelated offense. The defendant concedes that he is not absolutely entitled to credit and agrees that to adopt such a rule would produce an incongruous situation "* * * wherein a person might have several years of

---

[1] In his attempt to obtain the 728 days credit now sought, the defendant initially appealed from the judgment adjudicating him a violator. Before hearing that appeal and in compliance with *State* v. *Tessier*, 115 R. I. 372, 346 A.2d 121 (1975), we remanded the case to the Superior Court for the limited purpose of allowing the defendant to move for a reduction of sentence under Super. R. Crim. P. 35. In due course that motion was made and denied, but no appeal followed. Instead, the defendant applied for the same relief under the Post Conviction Remedy Act, G.L. 1956 (1969 Reenactment) §10-9.1-1 et seq., and took an appeal after that application was denied on the ground that the court lacked jurisdiction under the Act to grant the relief sought. Although the defendant is not certain which of the two appeals is now being pressed, he argues that the circumstances of his case are sufficiently egregious to justify relaxation of strict procedural requirements and that the case therefore is properly before us.

prison time to apply to a sentence for a crime that he has not yet committed or for which he has not yet been prosecuted." *Bauers* v. *Yeager,* 261 F. Supp. 420, 424 (D.N.J. 1966).

Although we do not accept a rule granting automatic credit, clearly one in defendant's position is entitled, if not as a matter of due process, then under the general equities of the situation, to have an opportunity to inform the sentencing justice of his prior illegal incarceration so that it may be taken into consideration in the pronouncement of sentence. *Miller* v. *Cox,* 443 F.2d 1019, 1022 (4th Cir. 1971); *United States ex rel. Smith* v. *Rundle,* 285 F. Supp. 965, 968 (E.D. Pa. 1968); *Bauers* v. *Yeager, supra* at 424-25; *State* v. *Marnin,* 108 N.J. Super. 442, 445, 261 A.2d 682, 684, *cert. denied,* 400 U.S. 835, 91 S.Ct.70, 27 L.Ed.2d 67 (1970).

In this case, a fair reading of the record clearly indicates that prior to the imposition of the sentence for the violation both the defendant and his attorney advised the sentencing justice of the time spent in prison on an invalid conviction, that the sentencing justice in turn expressly acknowledged his awareness of the situation, and that he took it into consideration when he imposed sentence. The defendant was entitled to no more. It was his burden to establish that the sentence imposed was unjustified. *State* v. *Crescenzo,* 114 R.I. 242, 265, 332 A.2d 421, 434 (1975). He has not met that burden and hence his appeal must be rejected.

The defendant's appeals are denied and dismissed, the judgments appealed from are affirmed and the case is remanded to the Superior Court for further proceedings.

*Julius C. Michaelson,* Attorney General, *John R. McDermott,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Barbara Hurst, John A. MacFadyen III,* Asst. Public Defenders, for defendant.