STATE

v.

George S. BROWN.

No. 82–537–C.A.

Supreme Court of Rhode Island.

Dec. 13, 1983.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, Chief Appellate Division, Janice M. Weisfeld, Asst. Public Defender, for defendant.

Dennis J. Roberts II, Atty. Gen., Maureen McKenna Goldberg, Asst. Atty. Gen., for plaintiff.

## OPINION

SHEA, Justice.

In this case the defendant has appealed from his conviction of murder in the first degree. The single issue raised on appeal is the denial of the defendant's motion to suppress his statement given to the police following his warrantless arrest. The defendant asserts that the evidence in the record does not establish probable cause for his arrest and that, therefore, the confession he gave immediately thereafter should be suppressed.

At the hearing on the suppression motion, Alan L. Hall, a police officer for the city of Cranston, testified. He was working the 4 p.m. to midnight shift on April 10, 1977, which was Easter Sunday. He heard a radio broadcast between 5:30 and 6 p.m. as a result of which he traveled to 93 Wentworth Avenue, Cranston. On arrival there, he observed a man standing at a window on the second floor and waving to him, thereby indicating that the officer should come into the house. Hall notified headquarters by radio and was directed not to enter the house until backup help arrived. Within seconds, as help arrived, the man who had been at the window came out the front door and identified himself as Richard Fortune. At this point in his testimony, Hall was asked what Fortune said to him, to which question defendant's counsel objected. The court sustained the objection, apparently on hearsay grounds.

Since the issue before the court was probable cause for the arrest and probable cause may be established by hearsay evidence, the officer should have been allowed to relate not only his conversation with Fortune but also any other information he was in possession of at the time concerning the death of Donna Brown and the defendant himself, which information the officer had obtained from either police radio broadcasts or any

other source. *See State v. Mastracchio,* 112 R.I. 487, 312 A.2d 190 (1973); *State v. Palmigiano,* 112 R.I. 348, 309 A.2d 855 (1973). Only with this information in the record could the trial justice initially, and this court now, determine whether or not the officer or officers who arrested the defendant had probable cause to do so. The defendant's objection to this testimony that was erroneously sustained prevented the state from presenting evidence on the question of probable cause. With the present state of the record, we are unable to consider this appeal. Consequently, we remand this case to the Superior Court for an evidentiary hearing and for findings of fact on the issue of probable cause for Brown's arrest.

This court will retain jurisdiction in the matter. At the conclusion of the hearing in the Superior Court and after the rendering of a decision by a trial justice thereon the record of the case shall be remanded to this court for further consideration of the defendant's appeal.