STATE

v.

**George S. BROWN.**

No. 82–537–C.A.

Supreme Court of Rhode Island.

March 11, 1985.

Arlene S. Violet, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., Providence, for plaintiff.

Jerome H. Kritz, Wakefield, for defendant.

## OPINION

PER CURIAM.

This case came before this court for oral argument on March 4, 1985, pursuant to an order which directed the defendant to show cause why his appeal should not be dismissed. This case previously came before us on the defendant's appeal from a conviction of murder in the first degree of his wife, Donna. *State v. Brown*, R.I., 468 A.2d 914 (1983). The sole issue raised in that appeal was the denial of the defendant's motion to suppress his confession given to the police following a warrantless arrest. The thrust of the defendant's argument was that the evidence before the court failed to establish probable cause for such arrest and that, therefore, his inculpatory statement was the fruit of an illegal arrest. *See Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). Because the trial justice had erroneously excluded certain evidence which bore upon the issue of probable cause, we remanded the case to the trial justice for an evidentiary hearing on the issue of probable cause. Our order of remand did not limit the evidence which might be adduced on this issue solely to the testimony of the arresting officer.

At the hearing on remand, the trial justice heard testimony concerning information given to the arresting officer and also information given to various other police officers on the basis of which the Providence police department issued the broadcast which caused the arresting officer to go to the address at 93 Wentworth Avenue in Cranston. On the basis of this evidence, the trial justice found that the collective knowledge of the officers plus the information given to Officer Hall upon his arrival at Wentworth Avenue formed a sufficient basis to establish probable cause for the arrest. *State v. Roberts*, R.I., 434 A.2d 257, 262 (1981). Our independent examination of the testimony upon remand leads us to conclude that the trial justice committed no error in this finding.

Consequently, the appeal of the defendant based on lack of probable cause to arrest is denied and dismissed. The judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.