Justice FLAHERTY,
with whom Justice ROBINSON joins with the exception of footnote seven, dissenting in part and concurring in part.
I respectfully dissent from that part of the Court’s opinion remanding this case to the trial justice for “additional findings of fact and credibility determinations regarding the first interview,” but also leaving the trial justice with the discretion to allow further testimony. In my opinion, the remand should be limited to fact-finding and credibility determinations based solely on the record of the suppression hearing.
To support its mandate, the majority cites four previous holdings of this Court. However, after reviewing those decisions, it is my opinion that each is either inappo-site or otherwise does not supply a foundation for the majority’s reasoning. I agree with the majority that the remand should be for the limited purpose of requiring the trial justice to make findings of fact and a conclusion as to the issue of voluntariness based on the totality of the circumstances. However, none of the cases cited by the majority opinion supports reopening a hearing that already has occurred and that has been concluded. In contrast, those *541 decisions support remanding for an eviden-tiary hearing when an error by the trial justice prevented a hearing from being held in the first instance. Because the parties in this case were afforded a full hearing, during which they were free to present and question any witness whom they wished to present or question, the remand in this case should prohibit the taking of new evidence rather than leaving the definition of the scope of the remand to the trial justice’s discretion.
The majority cites Andrews v. Langlois, 105 R.I. 456, 252 A.2d 450 (1969); however, in that case, this Court, when it reviewed the denial of a petition for a writ of habeas corpus, vacated a defendant’s conviction because the trial justice never made a preliminary determination that a confession was voluntary but instructed the jury that “even if the confession were not petitioner’s free act and deed, the jury had a right to weigh the confession as to its truth or falsity. This was an erroneous statement of the law.” Id. at 461, 252 A.2d at 453. Thus, in light of the erroneous instruction, the Court concluded that a new trial would be necessary. Id. at 461, 252 A.2d at 454. Significant to this case, the Court in Andrews said that, but for the egregiousness of the faulty instruction, the appropriate remedy would have been a remand to the trial court for a hearing limited solely to the voluntariness of the confession because such a hearing had never been held. See id.
In State v. Brown, 468 A.2d 914 (R.I.1983), the primary issue before the Court was the presence or absence of probable cause to arrest the defendant. The defendant argued that his confession should have been suppressed, not because it was involuntary, but because there was no probable cause to arrest him in the first place. Id. at 914. However, during a hearing to suppress the confession on that ground, the trial justice sustained an objection because a question posed to a police officer by the prosecutor called for a hearsay response. Id. Reasoning that probable cause may be established by hearsay evidence and determining that it could not consider the appeal based on a record that was restricted by the erroneous evidentiary ruling, the Court remanded the case to the trial court “for an evidentiary hearing and for findings of fact on the issue of probable cause for Brown’s arrest.” Id. at 915. Brown bears little resemblance to the considerations before the Court in this case.
The issue before the Court in State v. Mastracchio, 672 A.2d 438 (R.I.1996), was whether a search was reasonable under the knock-and-announce rule or, in the alternative, whether the search violated the defendant’s rights under the Fourth Amendment to the United States Constitution. Id. at 442. The case was remanded to the trial justice with directions that he “enter findings of fact and to make the determination in the first instance of whether the unannounced entry by police was reasonable under the Fourth Amendment.” Id. at 443. The Court did not direct that an evidentiary hearing be held or that the record be expanded in any way. Id.
Finally, in State v. Verreechia, 766 A.2d 377 (R.I.2001), the fourth case cited by the majority, the Court addressed the appeal of a criminal defendant who argued that the fruits of a search of a garage that he leased should be suppressed. Id. at 380. In that case, the trial justice declined to address the merits of the defendant’s motion to suppress because he found that the defendant had no expectation of privacy in the searched premises. Id. This Court disagreed, and it remanded the case for a “determination of whether the garage search violated [the defendant’s] constitu *542 tional rights against unreasonable searches and seizures * * Id. at 381. In Verrecchia, a new hearing on remand was required, because, based on his finding of no expectation of privacy, the trial justice had declined to afford a hearing to the defendant on the propriety of the search. Id. at 384.
The four just-discussed cases are simply not sufficiently analogous to the situation that confronts us in our consideration of this appeal. Here, a full hearing was conducted, and the parties had ample opportunity to develop the record. The difficulty here, as the majority has correctly pointed out, is that the trial justice did not make the appropriate credibility determinations and findings of fact before he determined that the state had proved that defendant’s confession was voluntary by clear and convincing evidence.
In my opinion, to reopen the suppression hearing and allow an expanded evi-dentiary hearing, in effect to allow a “do over” or “second bite at the apple,” is manifestly unjust. There is a substantial body of law that supports this position.
In Southern v. State, 371 Md. 93, 807 A.2d 13, 15 (2002), the Court of Appeals of Maryland held that “it was improper for the Court of Special Appeals to remand and reopen the suppression proceeding in order to provide the [sjtate with a second opportunity to present new evidence on the constitutionality of the initial stop.” In Southern, the defendant had filed a motion to suppress; at the hearing on that motion, evidence was presented about an interrogation and a post-apprehension show-up identification. Id. at 15-18. However, the prosecution failed to present any evidence that would justify the initial traffic stop. Id. at 17. The intermediate appellate court held that the trial judge had ruled on the other issues, but “fail[edj to rule on the issue of the propriety of the initial stop.” Id. at 18. In Maryland, remand of appellate cases is governed by a specific rule of appellate procedure,[1] but the Court of Appeals said that the rule was “neither an ‘antidote’ for the errors of the [sjtate or of counsel nor a method to correct errors committed during the trial itself.” Id. at 19. The Southern court thus concluded that the intermediate appellate court erred when its remand allowed for the presentation of additional evidence, pointing out that “[tjhe purpose of the remand was not to correct a procedural error, but to afford the [sjtate an additional opportunity to do that which it previously failed to do — present evidence on the initial [traffic] stop.” Id. at 21.[2] The court therefore reversed and ordered a new trial. Id. at 24.
*543 In 2004, the Maryland Court of Special Appeals treated as settled law the fact that a remand following a trial judge’s failure to make findings of fact when denying a motion to suppress a confession is cured by a remand for findings, without the taking of additional evidence. Perez v. State, 155 Md.App. 1, 841 A.2d 372, 386 (Md.Ct.Spec.App.2004) (“[I]f the problem were only a lack of specific findings, an option that we would have to address is whether to remand, without vacating the convictions, for the court to make findings on the existing record.”) (citing Southern v. State, 371 Md. 93, 807 A.2d 13 (2002) (emphasis added)).[3]
The Wyoming Supreme Court remanded a case in which a trial judge articulated no findings of fact or conclusions of law, but the remand similarly was for the limited purpose of an order to make the requisite findings and conclusions. Johnson v. State, 214 P.3d 983, 989 (Wyo.2009). A new evidentiary hearing was not permitted; the Supreme Court reasoned that it was the trial court’s responsibility to make findings necessary to allow for appellate review. Id. at 986, 989.
The Alabama Supreme Court has held that remanding a case for the admission of new evidence in a reopened suppression hearing violated the Double Jeopardy Clause of the United States Constitution. Ex parte Hergott, 588 So.2d 911, 912-15 (Ala.1991) (citing Burks v. United States, 437 U.S. 1, 4, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)). There, a defendant challenged evidence that had been seized, but the trial court denied his motion to suppress based on the “open field[s]” doctrine.[4] Id. at 912. The defendant entered a conditional guilty plea pending the appeal of the motion to suppress. Id. The intermediate appellate court was unable to determine whether the warrantless search overcame the presumption of unreasonableness, so it remanded the ease to the trial court for a determination of whether the evidence was seized from within the curtilage of the home. Id. at 913.
After remand, the trial judge personally inspected the property and found that the evidence was seized from a location 100 yards from the defendant’s house, and not seventy-five yards as a police officer had testified during the suppression hearing. Ex parte Hergott, 588 So.2d at 913. Based on this new finding, the trial judge found that the evidence had not been discovered within the curtilage of the home, and he denied the motion to suppress. Id. However, because the defendant had entered a conditional plea of guilty, jeopardy had attached; the Supreme Court held that “[o]nce jeopardy has attached, the [s]tate is not given a second chance to supply evidence that it failed to provide on the first opportunity.” Id. (citing Burks, 437 U.S. at 11, 98 S.Ct. 2141). The court noted that the prosecution could have presented additional evidence at the initial hearing, but chose instead to rely on the testimony of a single officer. Id. at 914. *544 Because the intermediate appellate court concluded that the state had failed to meet its burden during the suppression hearing, it reasoned that the case should not have been remanded. Id.
Several decisions of United States Circuit Courts of Appeals similarly favor limited remands rather than the reopening of suppression hearings. See, e.g., United States v. Fields, 371 F.3d 910, 917 (7th Cir.2004); United States v. Kithcart, 218 F.3d 213, 219-21 (3d Cir.2000). In Kithcart, 218 F.3d at 219, a suppression hearing was held, after which the trial judge determined that there was probable cause to seize a gun from an automobile. Id. at 215-16. On appeal, the Third Circuit held that there was insufficient evidence to warrant probable cause, holding that the trial judge had relied on the vehicle’s occupants’ race and certain imprecise similarities between the stopped car and the suspects’ car. Id. at 216-17. As a result, the court remanded for a consideration of whether there had been reasonable suspicion that would have supported an investigative stop. Id. at 217.
On remand, the trial judge reopened the suppression hearing and allowed more evidence, including testimony by officers who had been involved in seizing the evidence but who had not testified at the first hearing. Kithcart, 218 F.3d at 218. After the hearing ended, the trial judge ruled that the stop had been justified, and he refused to suppress the evidence, sparking a second appeal. Id. at 218-19.
When the case again came before the Third Circuit, the court relied on an earlier case in which it held “that the question of whether the government may augment the record at a suppression hearing after a remand is analogous to the question of whether the government may reopen its case after resting.” Kithcart, 218 F.3d at 219 (citing United States v. Vastola, 915 F.2d 865, 876 (3d Cir.1990)). The only reasons that the Third Circuit offered as potentially overcoming courts’ “extreme[] reluctan[ce]” to reopen suppression hearings were situations in which the “evidence was either newly discovered or [previously] unavailable.”[5] Id. at 219, 220. In determining that the remand should have been limited to the existing record, the court noted that, at the first hearing, the state had chosen not to offer the testimony of the officer who actually made the traffic stop, that it failed to offer an explanation of why the evidence was not presented at the first suppression hearing, and that it produced “nothing to suggest that evidence was either newly discovered or unavailable during the first hearing.” Id. at 220. As the court explained, “[n]ot surprisingly, the government’s new testimony nicely filled the lacunae of the first hearing” and “neatly spackled over each of the cracks in the foundation of proof that [the Third Circuit] pointed out” in the first appeal. Id. at 218.
In Fields, 371 F.3d at 912-13, the Seventh Circuit considered the denial of a motion to suppress a gun after hearing testimony about how officers had gained entry into an apartment. When the trial judge denied the motion to suppress, she nonetheless said that she “would ‘not disguise [her] skepticism about the sequence of events as testified to by [a police officer],’ ” who was the only officer who testified as to the method of entry. Id. at 913. However, because the trial judge failed to make findings as to the officers’ initial *545 entry into the apartment, the Seventh Circuit remanded, stating that “[a]bsent a compelling reason otherwise, these determinations [of the constitutionality of a search and the extent of the exclusionary rule] should be based on the existing record and limited to the testimony and other evidence already presented.” Id. at 913, 917.
In this case, it is my firm opinion that the remand should be channeled by the existing record of the suppression hearing. I agree with those courts that have held that the state should have only one opportunity to present the evidence that is necessary to meet its burden. The considerations in Kithcart, 218 F.3d at 219-21, are similar to those confronting us here. In Kithcart, the officer who actually made the traffic stop did not testify at the suppression hearing and nothing suggested that any post-remand evidence was “either newly discovered or unavailable during the first hearing.” Id. at 220. In this case, Det. LaBreche, whose conduct is being scrutinized, did not testify at the suppression hearing, but the state has not argued that there was any reason why he could not have done so.[6] Nor is there any indication that there is any evidence that is now available that was not available when the motion to suppress the confession was heard.
The only apparent purpose for allowing additional testimony would be to remedy the lack of evidence about what happened when the defendant incriminated himself prior to the recording of the second confession. In my opinion, if the trial justice is unable, based upon the record of the suppression hearing, to find that, under the totality of the circumstances, the confession was voluntarily made, then the confession should be suppressed. Any shortcomings or inadequacies should not be washed over with a reopened hearing. By the same token, if the trial justice finds that the confession was voluntary, based on that same existing record, then the defendant’s decision not to testify or to present any evidence at the suppression hearing of the alleged coercion may prove to have borne fateful consequences.[7]

. I disagree with the majority that Maryland's rule makes that jurisdiction an outlier. Rule 8-604 of the Maryland Rules provides in pertinent part:
"(d) Remand. (1) Generally. If the Court concludes that the substantial merits of a case will not be determined by affirming, reversing or modifying the judgment, or that justice will be served by permitting further proceedings, the Court may remand the case to a lower court. In the order remanding a case, the appellate court shall state the purpose for the remand. The order of remand and the opinion upon which the order is based are conclusive as to the points decided. Upon remand, the lower court shall conduct any further proceedings necessary to determine the action in accordance with the opinion and order of the appellate court."
Despite the fact that remand in Maryland is addressed by a specific rule, a review of that rule leads me to conclude that that state's treatment of remand does not depart significantly from generally accepted principles regarding remand.

. That court also noted that an order allowing the reopening of the suppression hearing invited the logical question: " 'What if the [s]tate fails to perceive and meet its burden at the reopened suppression hearing?' Does it get another chance, and another chance?” *543 Southern v. State, 371 Md. 93, 807 A.2d 13, 21 n. 4 (2002).

. The Perez court vacated the conviction at issue on other grounds. Perez v. State, 155 Md.App. 1, 841 A.2d 372, 386 (Md.Ct.Spec.App.2004).

. "The 'open fields’ doctrine, first enunciated by th[e Supreme] Court in Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), permits police officers to enter and search a field without a warrant.” Oliver v. United States, 466 U.S. 170, 173, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). However, "the area ‘immediately surrounding and associated with the home’ ” is called the curtilage and is protected as "part of the home itself for Fourth Amendment purposes.” Florida v. Jardines, — U.S. -, 133 S.Ct. 1409, 1414, 185 L.Ed.2d 495 (2013) (quoting Oliver, 466 U.S. at 180, 104 S.Ct. 1735).

. Although the majority rests on a sentence saying that ‘‘[sjuch decisions are traditionally within the discretion of the district court,” Kithcart is clear that the discretion should be exercised in extremely limited circumstances, none of which is present here. See United States v. Kithcart, 218 F.3d 213, 220 (3d Cir.2000).

. Both Det. LaBreche and defendant testified at trial about the circumstances surrounding the confession.

. This case is a textbook example of the inherent difficulties that are present with an unrecorded confession. In State v. Barros, 24 A.3d 1158 (R.I.2011), I dissented in part because I am of the firm opinion that confessions should be recorded. At the time of that decision, fourteen states and the District of Columbia required that confessions be recorded. Id. at 1187 (Flaherty, J., dissenting in part and concurring in the result). Since then, our sister states of Arkansas and Connecticut have joined the growing group of states that have obligated the recording of confessions or required the heavy scrutiny of confessions that were not recorded. See Ark. R.Crim. P. 4.7 (allowing the lack of recording to be considered when determining the admissibility of a custodial statement); Conn. Gen.Stat. Ann. § 54-1o(b) (West 2014) (presuming that an unrecorded custodial statement is inadmissible). In New Hampshire, the Supreme Court held that confessions, when recorded, must be recorded in their entirety. State v. Barnett, 147 N.H. 334, 789 A.2d 629, 632 (2001).
In this day and age, a person cannot avoid being videotaped when he enters an office building or retail establishment, or even when he cashes a check. That being the case, it is perplexing to me that he can confess to a capital crime without the benefit of having his statement recorded, even when the necessary equipment is readily available.