**UNITED STATES of America, Appellee,**

v.

**Jon Michael NORD, Appellant.**

No. 78–1399.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1978.

Decided Nov. 17, 1978.

---

John J. Scanlan, of Scanlan & Carlson, St. Paul, Minn., for appellant.

Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Andrew W. Danielson, U. S. Atty., Minneapolis, Minn., on brief.

Before Judges LAY, ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

Jon Michael Nord appeals his conviction for violation of 18 U.S.C. § 922(h).

On January 8, 1977, George Snyder went to Jon Nord's apartment and, receiving no answer when he knocked on the door, obtained a key to Nord's apartment from the landlord. Inside the apartment Snyder found Nord in a drunken condition and called the police. Officer Muiznieks responded to the call and met Snyder outside the building. Snyder told the officer that he was concerned because Nord had been missing from work and was inside the apartment intoxicated. Snyder also indicated that he had obtained a key to Nord's apartment. The officer followed Snyder inside.

The next day, Snyder, who had taken a key from Nord's apartment, again summoned police to the building. This time Officer Nichols, who did not know of the previous visit by Officer Muiznieks, knocked on the door and was admitted by Snyder. Officer Nichols entered believing Snyder was the homeowner.

On both occasions the officers observed guns in plain view once inside the apartment. Subsequently they learned that Nord was a previously convicted felon and they reported the presence of firearms in his home. Nord was ultimately convicted of eleven counts of knowingly and intentionally receiving firearms which had been transported in interstate commerce after he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(h).[1]

Nord had previously been convicted in a Minnesota state court of aggravated assault, for which the maximum penalty was five years and a $5,000 fine. After a period of probation, his felony conviction was re-

---

[1] Nord received a general sentence on all counts of five years and a $5,000 fine, subject to a study pursuant to 18 U.S.C. § 4205(c) and (d).

duced to a misdemeanor by operation of Minn.Stat.Ann. § 609.13.[2] He was then notified of the restoration of his civil rights. *Id.* § 609.165.[3]

Nord raised two issues before the district court[4] which he reasserts on appeal. He challenged the presence of both officers in his home on January 8 and 9, 1977, on the grounds that Snyder had no right to enter the apartment or to admit the police and no exigent circumstances existed justifying the entries. While the firearms were in plain view inside Nord's home, no arrest, search or conviction could be based upon the officers' observation of such evidence unless their initial entry into the apartment was lawful. *See Coolidge v. New Hampshire,* 403 U.S. 443, 465–66, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

Next, Nord contends that he was not on notice that he was still a convicted felon for purposes of 18 U.S.C. § 922(h) after reduction of his prior conviction to a misdemeanor and restoration of his civil rights under state law. He asserts that he was instructed by the judge sentencing him for aggravated assault that "[i]f you behave yourself * * * this charge will then be reduced to a misdemeanor and you will not be convicted of a felony * * *." Furthermore, the notice of restoration of his civil rights was silent as to any prohibition under federal law concerning purchase or possession of firearms.

Nord relies on the following statement by the court in *United States v. Kelly,* 519 F.2d 794 (8th Cir.), *cert. denied,* 423 U.S. 926, 96 S.Ct. 272, 46 L.Ed.2d 254 (1975):

> [W]e are concerned about the danger that state authorities may affirmatively mislead an ex-offender into believing that his right to carry a firearm under federal law has been restored by state action. During oral argument in the *Mostad* case, we asked counsel for the State of Minnesota to take steps to insure that ex-offenders rehabilitated under Minn.Stat. Ann. § 609.165 would be affirmatively warned that their federal disabilities concerning firearms had not been removed.

*Id.* at 796, *citing United States v. Mostad,* 485 F.2d 199 (8th Cir. 1973), *cert. denied,* 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974).

Nord urges that he was not so warned, that he was therefore affirmatively misled and that in the absence of notice that he was still to be considered a convicted felon with respect to 18 U.S.C. § 922(h), conviction under that statute violated his right to due process.

■ The district court held an evidentiary hearing and ruled against Nord on both claims. With respect to the officers' entry into Nord's apartment, Judge Devitt found that the police had a right to be on the premises as part of their routine community caretaking functions which include responding to calls to assist persons in need of immediate aid. Moreover, the court found that the situation confronting the officers

---

**2.** Section 609.13 provides in part:

Notwithstanding a conviction is for a felony:

(1) The conviction is deemed to be for a misdemeanor or a gross misdemeanor if the sentence imposed is within the limits provided by law for a misdemeanor or gross misdemeanor as defined in section 609.02; or

(2) The conviction is deemed to be for a misdemeanor if the imposition of the sentence is stayed, the defendant is placed on probation, and he is thereafter discharged without sentence.

**3.** Section 609.165 provides in part:

Subdivision 1. When a person has been deprived of his civil rights by reason of conviction of a crime and is thereafter discharged, such discharge shall restore him to all his civil rights and to full citizenship, with full right to vote and hold office, the same as if such conviction had not taken place, and the order of discharge shall so provide.

Subd. 2. The discharge may be:

(1) By order of the court following stay of sentence or stay of execution of sentence; or

(2) By order of the corrections board prior to expiration of sentence; or

(3) Upon expiration of sentence.

**4.** The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota.

had certain emergency features.[5] We agree.

■ As for the due process issue, Judge Devitt found that Nord had actual knowledge of his legal disability with respect to the purchase or possession of firearms. Nord had been advised of the possible five-year maximum penalty when he pleaded guilty to the prior assault offense. When purchasing firearms, he had read and signed form 4473, which clearly indicates that a person is prohibited from such purchase by virtue of a prior conviction if the judge *could have given* a sentence of imprisonment in excess of one year. Furthermore, Nord had demonstrated awareness of his legal disability in certain statements made to others and by arranging for a friend to purchase guns for him. We hold that the district court's findings are not clearly erroneous.

We therefore affirm the judgment of the district court on the basis of its opinion.

---

5. "Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid." *Mincey v. Arizona,* —— U.S. ——, ——, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290 (1978), *citing Root v. Gauper,* 438 F.2d 361, 364–65 (8th Cir. 1971). In *Root v. Gauper, supra,* 438 F.2d at 364, this court stated:

"There never has been any doubt that a policeman or fireman is privileged to enter private premises in the discharge of his public duty."

\* \* \* \* \* \*

[P]olice officers may enter a dwelling without a warrant to render emergency *aid and assistance* to a person whom they reasonably believe to be in distress and in need of that assistance. (Citations omitted.)