## VICTOR REGINALD PARKER, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 14514

April 25, 1984                           679 P.2d 1271

*Morgan D. Harris,* Public Defender, and *Robert D. Larsen,* Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was charged by indictment with seven counts of

extortion and one count of coercion with use of a deadly weapon. Pursuant to a plea bargain, he entered guilty pleas to two counts of extortion in exchange for dismissal of the remaining charges. The maximum sentence appellant faced on the two extortion counts was twenty years.

Prior to sentencing, appellant's trial attorney filed motions to withdraw as counsel and to withdraw the guilty pleas.[1] Judge Joseph S. Pavlikowski granted both motions and ordered the guilty pleas withdrawn and the original indictment reinstated in full, notwithstanding appellant's express indication that he did not wish to withdraw his pleas. Judge Pavlikowski subsequently denied a motion for reconsideration filed by substitute counsel, which clarified appellant's position that despite the motions his prior attorney filed, he did not want his guilty pleas withdrawn. Appellant then proceeded to trial on all charges. He was convicted of six of the extortion counts and the coercion charge, and sentenced to sixty-one years in prison.

Appellant now contends that the district court erred by ordering the withdrawal of the guilty pleas over appellant's express opposition to the motion to withdraw. We agree.

Entry of a guilty plea is a solemn process. We have repeatedly emphasized, as has the United States Supreme Court, that the decision to enter a plea of guilty is personal to the accused, not his or her attorney. *See e.g.,* Henderson v. Morgan, 426 U.S. 637, 647 (1976) (concurring opinion of White, Stewart, Blackmun and Powell, JJ.); Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981); *see also* Croft v. State, 99 Nev. 502, 665 P.2d 248 (1983). The entry of a plea of guilty must be accompanied by affirmative showings, on the record, of the accused's personal waiver of constitutional rights and personal understanding of the nature of the offense and the consequences of the plea; representations by defense counsel do not suffice. *See* Croft v. State, *supra;* Hanley v. State, *supra.*

Like the decision to enter a plea of guilty, the decision to seek withdrawal of the plea and proceed to trial is personal to the accused. The decision of how to plead in a criminal case is a fundamental one reserved ultimately to the defendant alone. Given the requirement of the defendant's personal involvement in the entry of a guilty plea, it would be unsound policy to permit withdrawal of a guilty plea without an affirmative indication that the defendant personally wishes the plea withdrawn. We therefore conclude that a district court may not

---

[1]Appellant is represented by different counsel on appeal.

order a guilty plea withdrawn without an affirmative indication, by affidavit or in open court, that the accused, not just his or her attorney, personally desires withdrawal.[2]

In this case, no such indication was presented to the district court. Indeed, appellant indicated his opposition to withdrawal of the pleas on at least two occasions. Moreover, the motion to withdraw the pleas was not supported by an affidavit of appellant expressing his personal desires. Since a district court cannot order a guilty plea withdrawn solely on the representations of counsel, we conclude that the district court erred by withdrawing the solemn pleas of guilty and requiring appellant to stand trial on the original indictment; appellant was entitled to the benefits of his plea bargain and the maximum twenty-year sentence that it entailed.[3]

Accordingly, we hereby reverse the judgment of conviction and remand this case to the district court, with instructions to reinstate the guilty pleas and sentence appellant in conformity with the original plea bargain. Sentencing should be conducted before a district judge who has not previously been involved with this case.[4]

[2]It is arguable that the district court should also conduct a brief canvass of the accused to determine whether he or she understands the consequences of withdrawal of a guilty plea, *i.e.,* reinstatement of the original charges and trial and sentence thereon. We need not address this issue in this appeal, but it would appear that a canvass may be advisable in most cases.

[3]Respondent argues that appellant has waived appellate review of this issue by failing to seek a pretrial extraordinary writ. This argument is meritless. In Sturrock v. State, 95 Nev. 938, 604 P.2d 341 (1979), on which respondent relies, the waiver doctrine was not adopted by a majority of the court.

[4]In light of our disposition of this matter, we need not address appellant's remaining contention.