Louie Carl Duck was found guilty of trafficking in marijuana. He was sentenced to 3 years and fined $25,000. On appeal, he contends that the warrantless seizure of marijuana from his premises was illegal and that his motion to suppress should have been granted.
The facts are as follows: On June 10, 1986, the appellant filed a missing vehicle report with the Albertville Police Department. On June 11, 1986, the appellant recoverd his car and notified Albertville Police that he wanted the report withdrawn. At 11:00 p.m. that evening, Officers Billy Wear and Billy Wright of the Albertville Police Department went to the appellant's house trailer to have him sign a form withdrawing the report. The officers knocked on the appellant's door; he opened the door, took the form from the officers after they explained what it was, and stepped inside his trailer to sign it. Both officers followed the appellant into the trailer. Appellant neither invited the officers in nor attempted to keep them outside. While in the trailer, Officer Wright noticed a bag of marijuana on the kitchen floor. Once outside the trailer, Officer Wright asked Officer Wear if he had seen the marijuana. Officer Wear said "no," and they knocked on the door again. When the appellant opened the door, Officer Wright pointed out the marijuana to Officer Wear from the doorway. The appellant was arrested and the bag of marijuana was seized; he would not consent to a search of the rest of his trailer, and the officers decided to obtain a search warrant. The search netted ten other bags of marijuana from the trailer.
At a suppression hearing, the appellant attempted to suppress evidence of the bag of marijuana initially seized without a warrant and the ten other bags seized pursuant to the warrant, these being, allegedly, the illegal fruit of the initial, warrantless seizure. The appellant contended that the officers had no prior justification for being in his trailer. The motion was denied. The appellant then waived a jury and stipulated to all the necessary elements for finding a violation of §20-2-80, Code of Alabama 1975, trafficking in cannabis. The idea was to preserve the suppression issue for appeal. The court found the appellant guilty and appellant raises the denial of his motion to suppress on appeal.
 I
Generally, merely to observe what is in plain view is not a "search" at all. State v. Davidson, 44 Wis.2d 177,170 N.W.2d 755 (1969). Since mere observation of contraband is not a search, it is not restricted by the Fourth Amendment. 68 Am.Jur.2d Searches and Seizures, § 23 (1973). In State ex rel.Berger v. Cantor, 13 Ariz. App. 555, 479 P.2d 432 (Ct.App. 1971), the Arizona Court of Appeals held that no search occurred when an officer, who had stopped a car for a safety inspection, observed *Page 859 
a kilo of marijuana in the glove compartment, which had been opened by the driver in order to retrieve his registration certificate at the officer's request. In the present case, there is no evidence that the police officers were searching for or expecting contraband. They were merely performing an everyday procedural task, as were the officers in Berger,supra. Therefore, there was no search being conducted by the officers on appellant's premises, and the seizure of the initial bag of marijuana was not prohibited by the Fourth Amendment. Consequently, the remaining evidence seized pursuant to the search warrant was not "the fruit of a poisonous tree," and was legally received into evidence.
Other courts have treated the plain view doctrine as one of the exceptions to the search warrant requirement. "Searches and seizures inside a home without a warrant are presumptively unreasonable absent exigent circumstances and subject to certain clearly defined exceptions." United States v. Karo,468 U.S. 705, 104 S.Ct. 3296, 82 L.Ed.2d 530 (1984); see also,Youtz v. State, 494 So.2d 189 (Ala.Cr.App. 1986). "The burden is on the government to demonstrate . . . circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries." Welsh v. Wisconsin,466 U.S. 740, 753, 104 S.Ct. 2091, 2099, 80 L.Ed.2d 732 (1984).
"Reasonableness is determined in the light of the total atmosphere of the case, and in the area of reasonableness of search and seizure, each case must be judged on its own particular facts and circumstances." 68 Am.Jur.2d Searches andSeizures § 2 (1973).
The exceptions to the requirement of a warrant "have been clearly expressed in Alabama jurisprudence as plain view; consent; incident to lawful arrest; hot pursuit or emergency situations; where exigent circumstances exist coincidental with probable cause; stop and frisk situations; and inventory search situations." Spann v. State, 494 So.2d 716, 718 (Ala.Cr.App. 1985). This case falls under the plain view exception, and no warrant was required.
The plain view exception permits a warrantless search and seizure of evidence only when certain, well-established prerequisites are shown to exist. These prerequisites exist if "the seizing officer (1) has prior justification for the intrusion; (2) comes upon the evidence inadvertently; and (3) immediately recognizes the object discovered as evidence of wrongdoing." Spann, supra, citing Myers v. State,431 So.2d 1342, 1344 (Ala.Cr.App. 1982). This doctrine is explained in more detail by the United States Supreme Court in Coolidge v.New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564
(1971).
There is no evidence in the record to indicate that the police officers were at the appellant's trailer for any reason other than having the appellant sign the report. They were not searching for, nor expecting to find, contraband of any kind. Officer Wright's discovery of the marijuana was surprising to him and inadvertent. The record indicates that Officer Wright had law enforcement experience with marijuana and through this experience immediately recognized the marijuana. Therefore, requirements two and three of the plain view doctrine are satisfied.
However, for this evidence to be admitted under the plain view doctrine, the state must show that the officers had prior justification for being in the appellant's trailer at the time the marijuana was observed.
"Although an officer may seize contraband which is in plain view without obtaining a warrant, this doctrine applies only when the officer has a legal right to be at his viewpoint."State v. Morsman, 394 So.2d 408 (Fla. 1981). "The . . . reasons for which police or other public officials might enter private premises are so varied that generalization is virtually impossible. . . ." 1 W. LaFave and J. Israel, CriminalProcedure, § 3.6 (1984). "Where police had [a] right to be on premises as part of routine community caretaking functions which included responding to calls to assist persons in need of immediate aid, and firearms seized were in plain view, search and seizure *Page 860 
was proper." 68 Am.Jur.2d Search and Seizures, § 88 (1987), citing United States v. Nord, 586 F.2d 1288 (8th Cir. 1978). One of the routine community caretaking functions of law enforcement is to respond to citizen complaints, such as the one the appellant made here. This is exactly the duty the officers were performing when the initial bag of marijuana was observed. We hold that seizure of the initial bag of marijuana and, consequently, the other ten bags, was lawful, and they were correctly received in evidence.
The officers were business invitees of the appellant. As shown by the record, the officers were on the appellant's premises conducting police business that was a result of the appellant's action of filing a missing vehicle report. In addition to the "general implicit invitation" to business invitees, this accused implicitly invited police officers to do reasonable acts to attend to the missing car report. See 62 Am.Jur.2d Premises Liability, §§ 39-50 (1972). The police officers had more than enough "prior justification" for being on the appellant's premises when the initial bag of marijuana was observed and seized.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.