The appellant pleaded guilty to trafficking in cannabis, in violation of § 20-2-80, Code of Alabama (1975). He filed a motion to suppress what he claimed was illegally obtained evidence, which was denied by the trial court. The appellant reserved the right to appeal the suppression issues to this court. The appellant was sentenced to ten years, with three years to be served on a split sentence and the remaining seven to be served on probation for a period of three years.
The record indicates that Sheriff Harvey Walker, of Winston County, advised James Horsley, a Department of Conservation game warden, and Investigator Jerry Thorn, of the Winston County Sheriff's Office, that he had received information concerning a large plot of marijuana on property which was either currently owned or formerly owned by Elmer Thrasher. They had a map of the general location of the property, which had been provided by a tax assessor, but were uncertain of the exact location of Elmer Thrasher's property. In searching for the property, they drove by one house and a trailer but did not stop to make any inquiries. They then approached the appellant's property, which was enclosed by a locked fence. James Horsley got out of the vehicle and either climbed over or under the fence, while Investigator Thorn parked the car down the road. Horsley walked down to the appellant's house and knocked on the door. There was no answer. He observed a work shop located behind the house, with two vehicles parked to its side. He walked to the work shop and called out, but there was no response. Horsley testified that he decided to approach a barn-type structure, which was located to the side of the work shop and was enclosed by a fence. He testified that he believed that the persons who had been in the vehicles might be in the barn. He further stated that it was "just a short distance around from the work shop to the gate." As he approached the gate, Horsley observed a number of potted marijuana plants in a garden. He used his walkie-talkie to contact Jerry Thorn concerning what he had found. Horsley returned to the vehicle which Thorn had driven back to the entrance of the appellant's property. Horsley then left to telephone Sheriff Walker, while Thorn remained at the appellant's *Page 1141 
property to insure that the plants were not removed. Thereafter, the appellant arrived and was placed under arrest for possession of marijuana. The appellant admitted that he owned the land; that it was his house; and that he owned the marijuana that was growing in the garden. No warrant had yet been obtained. Sheriff Walker and Chief Deputy Don Wright arrived at the scene, and the marijuana was loaded from the garden. Approximately 40 plants were found. Sheriff Walker and Chief Deputy Wright left with the appellant. Thereafter, Horsley began walking toward the barn, where he observed what appeared to be, and was subsequently determined to be, marijuana.
The appellant attacks the trial court's denial of his motion to suppress the evidence of the marijuana on several grounds. Initially, he claims that the warrantless entry and search of his property violated his constitutional rights and that the evidence which was discovered as a result of that search should have been inadmissible. The State contends that the officers were acting within the scope of their authority, in looking for Thrasher's property, and therefore that the evidence was subject to the plain view exception of a warrantless search and seizure.
" 'The . . . reasons for which police or other public officials might enter private premises are so varied that generalization is virtually impossible. . . .' 1 W. LaFave and J. Israel, Criminal Procedure, § 3.6 (1984)." Duck v. State,518 So.2d 857, 859 (Ala.Cr.App. 1987). Thus, evidence obtained which was in plain view when a police officer responded to a call to assist someone has been held admissible. United Statesv. Nord, 586 F.2d 1288 (8th Cir. 1978). Further, where an officer was responding to a citizen complaint, this court held that he was a business invitee and that marijuana seized while the officers conducted "reasonable acts to attend to the missing car report," was admissible. Duck v. State,518 So.2d 857, 860 (Ala.Cr.App. 1987). However, although an officer without a warrant is privileged to enter private property for certain investigatory purposes, he must act within the scope of his authority and must be legitimately engaged in the performance of his duties. See Clark v. City of Montgomery,497 So.2d 1140 (Ala.Cr.App. 1986). In the present case, the officers testified that they had previously driven by two houses without stopping to make inquiries. Horsley testified that he was uncertain whether there were any vehicles present at the other houses. He entered the appellant's property by scaling the fence or crawling under it, while Thorn drove the vehicle down the road to park it. When no one answered the appellant's door, Horsley proceeded to search the appellant's property. Horsley testified that they had a map from a tax assessor which indicated that Thrasher's property was within an area of approximately a quarter of a mile. He further testified on cross-examination, that he believed that the marijuana might have been on the appellant's property. Under these facts, the search extended the bounds of the officers' legal duties and legitimate purpose of determining the location of Thrasher's property.
Even if the officers were trespassing, the evidence of the marijuana would be admissible if it was discovered pursuant to the "open view" or "open fields" doctrine. Maddox v. State,502 So.2d 779 (Ala.Cr.App. 1985), affirmed in part and remanded with directions on other grounds, 502 So.2d 790 (Ala. 1986). See alsoTidwell v. State, 496 So.2d 109, 115 (Ala.Cr.App. 1986). "The special protection afforded by the Fourth Amendment to the People in their 'persons, houses, papers and effects', is not extended to open fields." Hester v. United States, 265 U.S. 57,59, 44 S.Ct. 445, 446, 68 L.Ed. 898 (1924).
The appellant argues that the areas searched, including the garden, were within the curtilage of his home.
 " 'The Fourth Amendment does, however, apply to buildings within the curtilage which may include "a garage . . .; a barn . . .; a smokehouse . . .; a chicken house . . .; and similar property. Whether the place to be searched is within the curtilage is to be determined from the facts, including its proximity or annexation to the dwelling, its inclusion within the general enclosure surrounding the dwelling, and its use and enjoyment as *Page 1142 
an adjunct to the domestic economy of the family." Care v. United States, (10 Cir.) 231 F.2d 22.' "
Maddox v. State, supra, at 783, quoting Whistenant v. State,50 Ala. App. 182, 194, 278 So.2d 183, 194, cert. denied, 291 Ala. 802, 278 So.2d 198, cert. denied, 414 U.S. 1066, 94 S.Ct. 573,38 L.Ed.2d 470 (1973).
We are unable to determine from a review of the record whether the garden was within the curtilage of the appellant's home. There was testimony that two cars were parked by the work shop and by the gate which bordered the garden. There was also testimony that electrical wiring and hoses ran between the house, the work shop and the barn. There was no testimony concerning the condition of the buildings or their purposes. Horsley's testimony regarding distances and proximities was highly uncertain and speculative. Further, although there is a copy of a photograph included in the record showing the entrance to the appellant's property, it is impossible to make any observations concerning the property due to the poor quality of the copy.
While it is the appellant's duty to provide a complete record, see Turner v. State, 406 So.2d 1066 (Ala.Cr.App.), writ denied, 406 So.2d 1069 (Ala. 1981), the burden is on the state to demonstrate circumstances which overcome the presumption of unreasonableness that attaches to all warrantless searches and home entries. Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091,80 L.Ed.2d 732 (1984); Duck v. State, supra, at 859. Therefore, this cause is remanded for the trial court to make a determination whether the garden and barn are within the curtilage of the appellant's home. The trial court is directed to submit written findings of fact on the matter to this court.
 REMANDED WITH DIRECTIONS.
All the Judges concur except PATTERSON, J., concurring in result only.