ON APPLICATION FOR REHEARING
PATTERSON, Judge.
We withdraw our opinion of October 11, 1988, and substitute the following therefor.
On original submission, we remanded this cause pursuant to our opinion in the *1143 companion case of Hergott v. State, 554 So.2d 1139 (Ala.Cr.App.1988). We remanded Hergott because the record was inadequate to determine the sole issue of whether the warrantless search of Hergott’s property and subsequent seizure of marijuana thereon were constitutional. We have since reviewed the state’s application for rehearing in the instant case and find that the issue to be resolved in Hergott is not needed for the disposition of this case.
A lengthy recitation of the facts of this case is not necessary because they are sufficiently set forth in our opinion on rehearing in the companion case of Kaercher v. State, 554 So.2d 1143 (Ala.Cr.App.1989). Suffice it to say that appellant, Kaercher, and Hergott were codefendants in a marijuana trafficking prosecution and that they pleaded guilty while reserving their right to appeal the trial court’s denial of their motions to suppress.
Appellant’s arguments on appeal regarding the denial of his motion to suppress were addressed in Parts I and II of Kaercher v. State; therefore, in light of the fact that appellant and Kaercher are, for the purposes of their appeals, in essence, identically situated and make the same arguments, we choose not to repeat our analyses of those arguments here. In finding that appellant and Kaercher are, in essence, identically situated for purposes of resolution of their appeals, we note that appellant initially pleaded guilty to possessing “marijuana growing on my property.” (Emphasis added.) However, later in the colloquy, this admission was qualified by appellant’s attorney’s acquiescence to the following comment made by the district attorney: “What I am saying is the plea is a general possession plea that any 2.2 pounds that there is evidence to support based on the transcript.” (Emphasis added.) We find that, considering these two comments in the context of the entire colloquy, appellant pleaded guilty to possession of all the marijuana. This conclusion is bolstered by the fact that, in his brief, appellant stated that he “pled guilty to the charges against him.” Moreover, in arguing the illegality of the search of Hergott’s property, he cited United States v. Broad hurst, 805 F.2d 849 (9th Cir.1986), wherein the appellant, in establishing standing, relied on a formalized, ongoing arrangement showing joint control of the premises, and, also, Ramires v. State, 492 So.2d 615 (Ala.Cr.App.1985), wherein the appellant relied upon his proclaimed ownership of marijuana seized on the property of another. Thus, we refer the reader to our opinion in Kaercher v. State and, on the authority of that case, we find that the trial court did not err in denying appellant’s motion to suppress. The judgment of the trial court is due to be, and it is hereby, affirmed.
APPLICATION FOR REHEARING AND RULE 39(k), A.R.App.P„ MOTION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
All Judges concur.