The facts of this case are stated in greater detail inHergott v. State, 554 So.2d 1139 (Ala.Crim.App. 1988). The facts essential to our disposition on this certiorari review are stated below.
Richard James Hergott, the petitioner, was arrested for trafficking in cannabis. The State's primary evidence against him was 40 potted marijuana plants seized from his residence in a warrantless search. The marijuana plants were found placed among growing corn in a garden behind a barn in back of his house. The house, in rural Winston County, sat on top of a hill, surrounded by four acres of land enclosed by a fence.
Hergott objected to the use of the potted marijuana plants as evidence against him, arguing that the plants had been seized incident to an illegal search. The trial court held a suppression hearing, at which the State offered the testimony of the officer who had seized the marijuana. In his testimony, which he had also given earlier before the grand jury, he stated that the plants were approximately 75 yards from the house, that they were obscured from view by their placement among growing corn, that there was a locked fence surrounding Hergott's property, and that two dogs, a German shepherd and a rottweiler, roamed the grounds.
Hergott argued that the garden where the plants were found was part of the curtilage of his home. The State claimed that the plants were found in an "open field" and that, therefore, they were not seized from inside the curtilage.
The trial court ruled against Hergott, based upon the "open field" exception. Therefore, Hergott entered a plea of guilty, reserving his right to appeal the trial court's ruling regarding the propriety of the search. After entry of the judgment and sentencing, Hergott appealed to the Court of Criminal Appeals. In an opinion released on July 19, 1988, that court held that it was unable to determine from the record whether the State had "overcome the presumption of unreasonableness that attaches to all warrantless searches and home entries." Hergott v. State, 554 So.2d 1139, 1142
(Ala.Crim.App. 1988) (hereinafter Hergott I). The case was remanded to the trial court with directions to "make a determination whether the garden and barn are within the curtilage of [petitioner's] home," and "to submit written findings of fact on the matter to this court." Id.
On remand, the trial court conducted a personal inspection of the property at issue. In its subsequent order, the trial court found that the barn and garden were over 100 yards from Hergott's home and, therefore, were not within the curtilage. Hergott appealed.
The Court of Criminal Appeals, on return to remand,Hergott v. State, 588 So.2d 908 (Ala.Crim.App. 1990) (hereinafter Hergott II), affirmed the trial court's finding that the location of the marijuana plants was beyond the curtilage of Hergott's home. 588 So.2d at 910. Hergott asks this Court to examine two issues: (1) whether the Court of Criminal Appeals erred in remanding this cause to the trial court after finding that the State had failed to meet its burden as to the reasonableness of the warrantless search; and (2) whether it erred in failing to follow the criteria established by United States v. Dunn, 480 U.S. 294,107 S.Ct. 1134, 94 L.Ed.2d 326 (1987), for determining curtilage issues.
In his petition for writ of certiorari, Hergott argues that the remand and the subsequent acceptance of new evidence contradicts Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141,57 L.Ed.2d 1 (1978). The State, however, contends that the remand was *Page 913 
merely to "clarify" the evidence upon which the trial court had relied in overruling Hergott's motion to suppress.
The Court of Criminal Appeals in Hergott I remanded the case, stating:
 "We are unable to determine from a review of the record whether the garden was within the curtilage of the appellant's home. . . .
 "While it is the appellant's duty to provide a complete record . . ., the burden is on the state to demonstrate circumstances which overcome the presumption of unreasonableness that attaches to all warrantless searches and home entries. . . . Therefore, this cause is remanded for the trial court to make a determination whether the garden and barn are within the curtilage of the appellant's home. The trial court is directed to submit written findings of fact on the matter to this court."
Hergott I, 554 So.2d at 1142.
The first issue to be decided is whether the remand was for the purpose of clarifying the evidence or whether it was to afford the trial court the opportunity to take new evidence. In the companion cases to Hergott I, Brodhead v. State,554 So.2d 1142 (Ala.Crim.App. 1989), and Kaercher v. State,554 So.2d 1143 (Ala.Crim.App.), cert. denied, 554 So.2d 1152 (Ala. 1989), the Court of Criminal Appeals noted that "we remandedHergott because the record was inadequate to determine the sole issue of whether the warrantless search of Hergott's property and the subsequent seizure of marijuana thereon were constitutional." Brodhead, 554 So.2d at 1143; Kaercher,554 So.2d at 1145. However, on remand, the trial court took new evidence concerning the distance of the garden from the Hergott residence, and this evidence was the basis of the Court of Criminal Appeals' affirmance of the trial court's order overruling Hergott's motion to suppress. The Court of Criminal Appeals stated: "In the present case, the trial court notes that the location of the marijuana was more than 100 yards from the appellant's residence, clearly indicating that the area in which it was located was not to be treated as an adjunct of the house." Hergott II, 588 So.2d at 910.
If the purpose of the remand, as the State contends, was merely to clarify the evidence, obviously new evidence should not have been admitted. The State contends that the trial court did not admit new evidence, but merely "clarified" the "highly uncertain and speculative" testimony of the officer. We disagree and find that the evidence, procured by the trial court, showing the distance from the house to the garden to be more than 100 yards, was new evidence.
The State and Hergott agree that the officer testified that the garden was approximately 75 yards from the house. Evidence that the garden was actually over 100 yards from the residence, procured by the trial court on a visit to Hergott's property after Hergott had been convicted and sentenced and after the Court of Criminal Appeals had remanded the case, contradicts the only testimony in the record as to the distance — the officer's testimony that the distance was approximately 75 yards. Because the Court of Criminal Appeals not only did not question the propriety of allowing new evidence but embraced the new evidence as the reason the warrantless search was valid, we hold that that court erred.
The acceptance of new evidence after Hergott had pleaded guilty violates the Double Jeopardy Clause of the fifth amendment. "Jeopardy attaches on a guilty plea when the plea is accepted and entered by a court with jurisdiction." Ex parteWright, 477 So.2d 492, 493 (Ala. 1985) (citing Odoms v. State,359 So.2d 1162, 1164 (Ala.Crim.App. 1978). Once jeopardy has attached, the State is not given a second chance to supply evidence that it failed to provide on the first opportunity.United States v. Burks, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147,57 L.Ed.2d 1 (1978). The Double Jeopardy Clause is aimed at prosecutors and judges, United States v. Davis, 656 F.2d 153
(11th Cir. 1981), cert. denied, 456 U.S. 930, 102 S.Ct. 1979,72 L.Ed.2d 446 (1982). Therefore, it was a violation of the fifth amendment for the trial court to procure new *Page 914 
evidence after Hergott's plea of guilty had been accepted by the court and he had been sentenced.
The State has the burden to prove that a warrantless search was reasonable. Although the testimony of the officer was speculative, it was uncontradicted. The State, at the time the motion to suppress was made, had the opportunity to prove distance by supplying other witnesses, but the State chose to rely upon the officer's prior testimony as to the proximity of the garden to the residence.
The next issue then is whether, under the standard established in Burks v. United States, supra, remand was proper once the Court of Criminal Appeals determined that the record was inadequate to allow the court to determine whether the barn and garden were within the curtilage. Hergott argues that the evidence was insufficient to prove that the State had overcome the presumption of unreasonableness that attaches to warrantless searches and that the case should have been reversed according to Burks. The State argues that Burks does not apply, because, it says, Burks concerned insufficient evidence at trial, whereas Hergott had pleaded guilty, thus, the State argues, waiving insufficiency of the evidence.
In Burks v. United States, Burks was charged with bank robbery. At his trial, he introduced testimony of three expert witnesses who supported his defense of insanity. Burks was convicted, and he appealed. The court of appeals held that the Government has the burden of proving sanity once a prima facie defense of insanity has been raised; however, the court went on to find that the Government did not carry this burden, noting in particular that the prosecution witnesses "failed to 'express definite opinions on the precise questions [that the court] . . . identified as critical in cases involving the issue of [in]sanity.' " Burks, 437 U.S. at 4, 98 S.Ct. at 2143,rev'g Burks v. United States, 547 F.2d 968, 970 (6th Cir. 1976). The court of appeals remanded the case to the district court "for a determination of whether a directed verdict of acquittal should be entered or a new trial ordered."
The United States Supreme Court granted certiorari review to examine the question of "whether a defendant may be tried a second time when a reviewing court has determined that in a prior trial the evidence was insufficient to sustain the verdict of the jury." Id. at 5, 98 S.Ct. at 2144. In deciding that the court of appeals should have rendered a judgment in favor of Burks, the Supreme Court held:
 "By deciding that the Government had failed to come forward with sufficient proof of petitioner's capacity to be responsible for criminal acts, that court was clearly saying that Burks' criminal culpability had not been established."
Id. at 10, 98 S.Ct. at 2147.
The Court reasoned that "[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." Id. at 11, 98 S.Ct. at 2147.
In the instant case, the Court of Criminal Appeals found that the State had failed to supply sufficient evidence on the record. Specifically, that court found that there was no testimony concerning the condition and purpose of the outbuildings and also that the officer's testimony regarding the distance of the garden from the house was speculative and uncertain. Hergott I, 554 So.2d at 1142. Compare Burks,437 U.S. at 4, 98 S.Ct. at 2143 (Government did not rebut petitioner's proof because witnesses failed to express definite opinions on the precise questions that were critical in cases involving insanity defenses). This case is like Burks; the intermediate appellate court, the Court of Criminal Appeals in this case, held that it was unable to hold that the State had met its burden of overcoming a substantive presumption in favor of the petitioner. We hold that the Double Jeopardy Clause prevents the Court of Criminal Appeals from sending the issue back to the trial court for a second chance to supply on the record evidence sufficient to prove that the warrantless search fell within the "open field" exception. *Page 915 
Because the Court of Criminal Appeals held that the evidence produced in opposition to the petitioner's motion to suppress was insufficient to overcome the presumption that the warrantless search was unreasonable, we reverse, without addressing the issue of that court's determination that the search fell within the "open field" exception to the fourth amendment. However, this Court now does note that United Statesv. Dunn requires that questions of curtilage
 "be resolved with particular reference to four factors: [1] the proximity of the area claimed to be curtilage to the home, [2] whether the area is included within an enclosure surrounding the home, [3] the nature of the uses to which the area is put, and [4] the steps taken by the resident to protect the area from observation by people passing by."
United States v. Dunn, 480 U.S. 294, 301, 107 S.Ct. 1134, 1139,94 L.Ed.2d 326 (1987).
Therefore, it is insufficient to rely on one factor, such as proximity, to determine if the area searched was within the curtilage of the home. The decision of a trial court should be based upon an analysis of all four factors in regard to a particular fact situation. One factor alone is not determinative of the issue whether a given area is within the curtilage or is to be considered an "open field" for purposes of the fourth amendment.
Because we reverse the judgment of the Court of Criminal Appeals, which had affirmed the holding of the trial court for the State on Hergott's motion to suppress, we must next decide how to dispose of the case from this point. Hergott pleaded guilty but reserved his right to appeal the trial court's ruling on his motion to suppress. The caselaw of Alabama allows a criminal defendant to plead guilty and, with consent of the trial court, to reserve the right to appeal adverse pretrial rulings. Sawyer v. State, 456 So.2d 110 (Ala.Crim.App. 1982),rev'd on other grounds, 456 So.2d 112 (Ala. 1983). However, unlike the law in other jurisdictions that allow conditional guilty pleas, the law in Alabama is not clear as to the procedure to be followed when the defendant is successful on his "reserved" appeal.
For example, Rule 11(a)(2) of the Federal Rules of Criminal Procedure provides:
 "With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty . . ., reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea."
In Sawyer, the Court of Criminal Appeals stated that, although a guilty plea waives all nonjurisdictional defects, "[t]he waiver . . . does not apply where the trial court has clearly assured the accused that he may still present a particular nonjurisdictional issue despite his guilty plea."Sawyer, 456 So.2d at 110. However, the Court of Criminal Appeals held that the record failed to show that Sawyer had reserved her right to appeal. Id. at 111-12. The record was supplemented on application for rehearing before the Court of Criminal Appeals, which denied the application. This Court reversed the Court of Criminal Appeals' holding that Sawyer had not properly reserved her right to appeal regarding the legality of a warrantless search. Ex parte Sawyer,456 So.2d 112, 113 (Ala. 1983).
Like the petitioner in the instant case, Sawyer, on appeal, argued that the State had not overcome the presumption of unreasonableness that attached to the warrantless search. However, on remand from this Court, the Court of Criminal Appeals, upon holding that "the search conducted of the appellant by the law enforcement officers cannot be justified and likewise, the 'fruits' of the search should not be admitted into evidence," reversed and rendered a judgment for Sawyer.Sawyer v. State, 456 So.2d 114, 117 (Ala.Crim.App. 1984). We now overrule the implicit holding of Sawyer that when the State has failed to meet its evidentiary burden at a pretrial suppression hearing, the Court of Criminal Appeals is to render a judgment for the defendant when the defendant has *Page 916 
pleaded guilty but reserved his right to appeal the trial court's ruling. To allow such a result would give defendants who plead guilty and reserve the right to appeal the benefit of having judgments rendered in their favor, while defendants who proceed to trial can be retried, when the trial court's adverse ruling at a pretrial hearing is reversed on appeal. Therefore, we adopt that portion of Rule 11(a)(2), Fed.R.Crim.P., that states that upon a ruling by the appellate court for a defendant who has entered a conditional guilty plea, while reserving the right to appeal a particular pretrial ruling, the defendant may withdraw the guilty plea. The State may thereafter proceed to trial. This holding is in accord with the precedents of this Court and the United States Supreme Court that allow a new trial when the reversal on appeal is due to trial error, i.e., wrongful admission or non-admission of evidence, even though the wrongfully admitted evidence is essential to the State's case.
For example, the Court of Criminal Appeals recently held:
 "[T]he Double Jeopardy Clause allows a retrial where the reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against the defendant, even where the court also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction. Lockhart v. Nelson, 488 U.S. 33, 40, 109 S.Ct. 285, 290, 102 L.Ed.2d 265 (1988).
Fortier v. State, 564 So.2d 1041, 1042-43 (Ala.Crim.App.),cert. denied, 564 So.2d 1043 (Ala. 1990). (Emphasis in original.)
We now hold that the State failed to produce sufficient evidence in opposition to the motion to suppress to overcome the presumption of unreasonableness that attached to the warrantless search of Hergott's property. Therefore, the fruits of that search should not have been admitted. Hergott is allowed to withdraw his guilty plea, and the State may proceed to trial. However, the evidence seized incident to the warrantless search of his property may not be used against him, because the State, when presented with the opportunity to establish its case against him, failed to do so, and under the Double Jeopardy Clause, the State does not get a second chance. The judgment of the Court of Criminal Appeals is reversed, and the cause is remanded for proceedings in accordance with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
STEAGALL, J., concurs in the result.
MADDOX, J., dissents.