TAYLOR, Judge.
The appellant, Richard James Hergott, was arraigned on October 26, 1987, for trafficking in marijuana and possession of marijuana. He subsequently entered a plea of guilty but reserved the right to appeal the denial of a motion to suppress. On appeal, we remanded the cause to the trial court with instructions that that court determine wheth *572 er the appellant’s garden and barn, where the marijuana was seized pursuant to a war-rantless search, were within the curtilage of his house. Hergott v. State, 554 So.2d 1139 (Ala.Cr.App.1988).[1] On return to remand, this court affirmed the trial court’s judgment, holding that the location where the evidence was seized was beyond the curtilage of the appellant’s house. Hergott v. State, 588 So.2d 908 (Ala.Cr.App.1990). The Alabama Supreme Court reversed our judgment and remanded the cause to the trial court, holding that the state had failed to produce sufficient evidence in opposition to the appellant’s motion to suppress to overcome the presumption of unreasonableness that attached to the warrantless search of the appellant’s property and that the fruits of the search should not have been admitted. Ex parte Hergott, 588 So.2d 911 (Ala.1991). The appellant withdrew his guilty plea and proceeded to trial. The appellant was subsequently convicted of trafficking in marijuana,[2] in violation of § 13A-12-231, Code of Alabama 1975, and was given a split sentence, pursuant to which he was to serve three years in prison and seven years on probation. The appellant raises one issue on appeal.
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal. Specifically, he contends that the state failed to present sufficient evidence to corroborate the accomplice’s testimony, Lawrence Kaercher. We disagree.
Section 12-21-222 states:
“A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.”
The state’s evidence tended to show that conservation enforcement officer, James Horsley, and county investigator, Jerry Thorn, went to the appellant’s property after speaking with the sheriff of Winston County, Harvey Walker. The purpose of their visit was to investigate a “tip” that there was a large marijuana field on the property, which was owned by the appellant. Upon arriving at the appellant’s property, Officer Horsley and Investigator Thorn noticed that the parcel of land adjacent to the appellant’s land was “landlocked” and accessible only by way of the appellant’s property. Lawrence Kaercher and Dan Broadhead owned this adjacent property. A search of the Kaercher/Broadhead property revealed that a vast amount of marijuana was being grown in a field on this property. Marijuana plants were found growing in a barn on the property and approximately 30 pounds of marijuana was found in garbage bags in a red Nissan Pathfinder vehicle, owned by Kaercher, found in a garage on the property.
The most damaging evidence linking the appellant to the marijuana found on Kaercher’s property was the testimony of Lawrence Kaercher. Kaercher testified that he, Broadhead, and the appellant had been friends for a long time. He testified that he and Broadhead had gone into business together in Indiana and that the appellant had started working for them soon after. He said that he and Broadhead purchased a business in Haleyville, Alabama, and that both Broadhead and the appellant then moved to Haleyville. He testified that eventually, the three friends decided to grow marijuana in Haleyville. Kaercher testified that the barn on his land was designed for raising marijuana seedlings and that the water supply and the electricity for the barn were connected to the appellant’s house. Kaercher said that after germination, the marijuana plants were transferred to a large field. Kaercher also testified as to why and how the potted marijuana plants ended up in the different locations where they were subsequently found by the officers. He testified that because the appellant’s house was accessible from the road and his was not, he and the appellant had moved a lot of incriminating materials to Kaercher’s home out of fear *573 that the items would be discovered by the police. One of the safes that was found at Kaercher’s house belonged to the appellant and had been moved there along with other drug-related materials. Kaercher testified that the red Nissan Pathfinder was his automobile and that he had driven the automobile to Broadhead’s garage after leaving the appellant’s property. Kaercher testified that the appellant owned one-third of the marijuana in the field and barn and most of the marijuana found in the Pathfinder. Last, Kaercher testified that he had previously been convicted for trafficking in marijuana and had been sentenced to 10 years, which sentence was suspended to three years in prison and three years’ probation. He was given an early release and additional probation in exchange for his willingness to testify against the appellant.
The purpose of § 12-21-222 was to ensure that the testimony of a guilty party testifying in return for leniency from the state would not alone be sufficient to convict another. An accomplice’s testimony must be corroborated before a conviction of felony could be had.
“To corroborate means to make more certain, to confirm, or to strengthen. Lewis v. State, 426 So.2d 932 (Ala.Cr.App.1982), cert. denied, 426 So.2d 938 (Ala.1983), and the corroborative testimony need not be strong or sufficient in and of itself to support a conviction. Andrews v. State, 370 So.2d 320 (Ala.Cr.App.1979), cert. denied, 370 So.2d 323 (Ala.1979). Corroborative evidence need not directly convict the accused of the crime, but need only tend to do so. Id."
Ex parte Bankhead, 585 So.2d 112, 119 (Ala.1981).
There was testimony other than Kaercher’s linking the appellant to the marijuana seized from the Kaercher/Broadhead property. Investigator Thorne testified that there was a water hose and an electric power extension cord leading from the Kaercher/Broadhead barn, where the marijuana seedlings were being grown, to a utility house on the appellant’s property. Investigator Thorne also testified that he was present when the appellant opened the safe that had been seized from the Kaercher house. He testified that the appellant signed for the contents of the safe, and that the safe contained between $15,000 and $16,000 in cash. Last, Officer Horsley testified that on the day of the search, he witnessed Mr. Kaercher leave the appellant’s property driving a red Nissan Pathfinder that had been parked at the appellant’s house. Later that same day, a red Nissan Pathfinder was located and searched in Broadhead’s garage, and the police found approximately 30 pounds of marijuana stuffed in garbage bags inside the vehicle. A search of the Kaercher/Broadhead property was conducted by Officer Horsley, Investigator Thorn, and others on July 8 and 9, 1987. This search revealed:
1) Inside a large barn on the Kaercher/Broadhead property, one gallon containers were found. Also inside the barn were many well-tended marijuana plants.
2) A power cord and a water hose from the appellant’s property to the barn.
3) A significant number of marijuana plants growing in pots in the woods behind Kaercher’s house.
4) A large field of marijuana plants, approximately 1,000 plants, was found on the Kaercher/Broadhead property. The plants were still in pots that had been placed in holes dug in the ground.
5) A red Nissan Pathfinder was found in Broadhead’s garage, and a search of the vehicle revealed garbage bags containing 29 pounds 10 ounces of marijuana.
6) A large amount of marijuana in planter buckets was found on the side of a log road behind the Kaercher/Broadhead property.
7) Two safes were found in Kaercher’s house, one belonging to Kaercher and one belonging to the appellant. The appellant gave the police the combination to the safe and the safe was found to contain papers belonging to the appellant and between $15,000 and $16,000 in cash.
8) Approximately 3,000 plants in 2-gal-lon pots in the same general area around Kaercher’s house.
*574 After reviewing the record, we find that the evidence is sufficient to corroborate the accomplice’s testimony.
As an afterthought in a small paragraph at the end of his brief, the appellant states that some of the evidence submitted at trial was inadmissible because of the suppression order of the Court in Ex parte Hergott, 588 So.2d 911 (Ala.1991). After a close review of the record, we have found that none of the evidence admitted in this cause was the subject of the motion to suppress ultimately granted in Hergott, supra. The marijuana involved in this case was all found on Kaercher’s property. Thus, we find that the trial court did not err in receiving the evidence.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.

. The marijuana that was the subject of this conviction was found in a barn on appellant Hergott’s property.

. The marijuana involved in this conviction was discovered on Lawrence Kaercher’s property, adjacent to Hergott’s property.