TAYLOR, Judge.
On December 13, 1993, the appellant, Jason Brian Jackson, pleaded guilty to escape in the second degree, and the court accepted his plea. On December 21, 1993, the prosecution filed a motion to set aside the appellant’s guilty plea. The circuit court granted the state’s motion, and the court proceeded to place Jackson in jeopardy again on the original charge against him, which was escape in the first degree. On January 31, 1994, the appellant was found guilty of escape in the first degree. The appellant made a motion new trial and that motion was granted because it was revealed that the jury verdict was not unanimous. On April 18, 1994, the appellant was again tried and was found guilty of escape in the first degree. He was sentenced to 15 years in prison, to be served concurrently with the sentence he was serving at the time of his escape.
The appellant contends on appeal that he was denied his constitutional right not to be charged twice for the same offense when he was tried for escape after he had already pleaded guilty to the charge. Specifically, he *995 contends that jeopardy attached when he pleaded guilty and that, therefore, his constitutional protection against double jeopardy was violated when he was subsequently tried for the same offense.
To determine the validity of the appellant’s argument we must first ascertain whether the court erred in granting the state’s motion to vacate his plea of guilty to escape in the second degree. Rule 14.4, Ala.R.Crim.P., details the requirements for acceptance of a guilty plea. Rule 14.4(e) specifically states that a guilty plea may be withdrawn after it is accepted by the court. Rule 14.4(e) states:
“The court shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice. Upon withdrawal of a guilty plea, the charges against the defendant as they existed before any amendment, reduction, or dismissal made as part of a plea agreement shall be reinstated automatically.”
The rule contemplates that only the party pleading guilty may request to withdraw the plea. We agree with the Nevada Supreme Court, which stated in Parker v. State, 100 Nev. 264, 679 P.2d 1271, 1272 (1984): “Like the decision to enter a plea of guilty, the decision to seek withdrawal of the plea and proceed to trial is •personal to the accused.” (Emphasis added.) See also 22 C.J.S. Criminal Law § 410 (1989).
The court erred in granting the state’s motion to set aside the guilty plea and trying the case. The appellant’s constitutional protection against double jeopardy was violated. Jeopardy attached when the appellant’s plea was “accepted and entered by the court with jurisdiction.” Ex parte Hergott, 588 So.2d 911 (Ala.1991). Consequently, any proceedings following the restoration of the case to the trial docket by the court on the state’s motion were beyond the court’s jurisdiction; the judgment of conviction of escape in the first degree and the sentence imposed as a result of that conviction are to be set aside.
This cause is therefore remanded to the Circuit Court for Lauderdale County so that that court can set aside its judgment and sentence and conduct a new sentencing hearing so that the appellant may be sentenced on his conviction for escape in the second degree.
REMANDED WITH DIRECTIONS.
All the Judges concur.