TAYLOR, Judge.
On April 22, 1994, the appellant, Willie Joe Wright, pleaded guilty to reckless manslaughter and the court accepted his plea. At that time, pursuant to a plea agreement, other charges against the appellant were nol-prossed. On April 26, 1994, the state filed a motion to withdraw the guilty plea and to reinstate the other charges against the appellant. On May 2,1994, the trial court granted the state’s motion. On May 18, 1994, the appellant pleaded guilty to reckless murder, reckless assault, and receiving stolen property. He was sentenced to 25 years in the penitentiary on the reckless murder conviction, 15 years in the penitentiary on the reckless assault conviction, and 15 years in the penitentiary on the receiving stolen property conviction. All of the sentences were to be served concurrently.
The appellant’s only contention on appeal is that the court erred in granting the state’s motion to withdraw his original guilty plea to reckless manslaughter. Specifically, he contends that jeopardy attached when he pleaded guilty to reckless manslaughter and that his constitutional protection against double jeopardy was violated when that plea was withdrawn and he was convicted of reckless murder.
This court recently in Jackson v. State, 659 So.2d 994 (Ala.Cr.App.1994), addressed this same issue. We stated:
“Rule 14.4, Ala.R.Crim.P., details the requirements for acceptance of a guilty plea. Rule 14.4(e) specifically states that a guilty plea may be withdrawn after it is accepted by the court. Rule 14.4(e) states:
*241 “ ‘The court shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice. Upon withdrawal of a guilty plea, the charges against the defendant as they existed before any amendment, reduction, or dismissal made as part of a plea agreement shall be reinstated automatically.’
“The rule contemplates that only the party pleading guilty may request to withdraw the plea. We agree with the Nevada Supreme Court, which stated in Parker v. State, 100 Nev. 264, 679 P.2d 1271, 1272 (1984): ‘Like the decision to enter a plea of guilty, the decision to seek withdrawal of the plea and proceed to trial is personal to the accused’ (Emphasis added.) See also 22 C.J.S. Criminal Law § 410 (1989).
“The court erred in granting the state’s motion to set aside the guilty plea and trying the case. The appellant’s constitutional protection against double jeopardy was violated. Jeopardy attached when the appellant’s plea was ‘accepted and entered by the court with jurisdiction.’ Ex parte Hergott, 588 So.2d 911 (Ala.1991). Consequently, any proceedings following the restoration of the case to the trial docket by the court on the state’s motion were beyond the court’s jurisdiction....”
659 So .2d at 995.
Furthermore, pursuant to the original plea agreement, the charges of reckless assault and receiving stolen property were nol-prossed when the appellant pleaded guilty to reckless manslaughter. These charges therefore have been formally abandoned by the district attorney’s office. State v. Tatum, 642 So.2d 523 (Ala.Cr.App.1994).
This cause is remanded to the Circuit Court for Montgomery County so that that court can set aside its judgments and sentences relating to the appellant’s convictions for reckless murder, reckless assault, and receiving stolen property. The court is further directed to reinstate the appellant’s original conviction for reckless manslaughter based on his guilty plea and to conduct a new sentencing hearing so that the appellant may be sentenced on his conviction for reckless manslaughter. Due return should be filed with this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.