ON RETURN TO REMAND

TAYLOR, Presiding Judge.
The appellant, Jason Brian Jackson, pleaded guilty to escape in the second degree, a violation of § 13A-10-32, Code of Alabama 1975. The state filed a motion to set aside the appellant’s guilty plea, and the trial court granted the motion. The appellant was then tried on the charge of escape in the first degree, a violation of § 13A-10-31, and was found guilty. The appellant filed a motion for a new trial, which was granted when it was revealed that the jury verdict had not been unanimous. The appellant was tried again and was found guilty of escape in the first degree. He was sentenced to 15 years in prison, that sentence to be served concurrently with the sentence he was serving at the time of his escape.
We remanded this cause, holding that the court erred in granting the state’s motion to set aside the appellant’s guilty plea because the decision whether to withdraw a guilty plea is “personal” to the accused. We instructed the trial court to set aside the appellant’s conviction and sentence for escape in the first degree and to reinstate the appellant’s guilty plea to the offense of escape in the second degree. The trial court was also directed to hold a new sentencing hearing and to sentence the appellant for the offense of escape in the second degree, a Class C felony, punishable by not more than 10 years in the penitentiary. Jackson v. State, 659 So.2d 994 (Ala.Cr.App.1994).
While this case was pending on remand, the state filed a petition for certiorari review with the Alabama Supreme Court. The Supreme Court denied certiorari review, without an opinion, on March 24, 1995. Jackson v. State, 659 So.2d 994 (Ala.1995). This case was returned to the circuit court for action on this court’s opinion of October 21, 1994. The case was resubmitted to this court on May 12,1995.
The trial court has complied with our directions and has reinstated the appellant’s conviction for escape in the second degree and has held a new sentencing hearing. The appellant was sentenced to 10 years in the penitentiary; a sentence within the range for a Class C felony. § 13A-5-6, Code of Alabama 1975. It is not necessary to address the other issues raised by the appellant in his original brief to this court. The appellant’s issues deal with his conviction for escape in the first degree and this court’s remand rendered all the issues concerning his conviction for escape in the first degree moot.
The appellant’s conviction for escape in the second degree and his sentence to 10 years in the penitentiary is affirmed.
AFFIRMED.
All the Judges concur.